### BERNARD DELZ v. WINFREE, NORMAN & PEARSON ET AL.

#### No. 2847.

1. **Conspiracy.** — At common law a conspiracy can not· be made the subject of a civil action, although damages result, unless something is done which without the conspiracy would give a right of action. The true test as to whether such action will lie is whether the act accomplished after the conspiracy is formed is itself actionable.

2. **Same.** —As a general rule a person has an absolute right to refuse to have business relations with any other person whomsoever, whether the refusal is based upon reason or on caprice, and there is no law which forces a man to part with the title to his property. Yet the proposition must be limited to the individual action of the party who asserts the right. It is not equally true that one person may from such motive influence another to do the same thing.

3. **Same — Case in Judgment.** — The petition by a butcher charging conspiracy among cattle dealers to his injury went further than to charge that defendants refused to sell to him. It charges that they not only did that, but that they induced a third person to refuse to sell to him. It does not appear from the petition that their interference with the business of plaintiff was done to serve any legitimate purpose of their own, but that it was done wantonly and maliciously and that it caused, as they intended it should, pecuniary loss to him. *Held*, that the petition alleged a cause of action, and that it was error to sustain a demurrer to it.

ERROR from Galveston. Tried below before Hon. Wm. H. Stewart.

A general demurrer was sustained in the court below to the petition. The only question brought up is its sufficiency.

L. E. *Trezevant*, for plaintiff in error.—1. All confederacies wrongfully to prejudice a third person in any manner are misdemeanors at common law and are prohibited by our statutes.

2. Where two or more persons combine to accomplish an unlawful purpose, or a purpose not unlawful by unlawful means, and in pursuance of such a conspiracy they do an act injurious to another person, such person has a right of action against them or any one of them to repair the damage done him.

3. Every person has a right to enjoy such benefits and advantages as society affords, and such as he can get by his enterprise, industry,

and credit, and to be free from any wanton or unjustifiable interference or hindrance that would deprive him of any of these advantages.

4. The right to deal with whom one chooses does not give or imply a right to solicit others not to deal with a named person, and does not give or imply a right to procure and enter into an agreement with others not to deal with such person. A refusal under such circumstances to deal with such person, if resulting in damage, is a "boycott," and an injury to the public and to the individual, and is actionable. Penal Code, art. 289; Gen. Laws 21st Leg., p. 141; Cool. on Torts., 126, 280, 283; Add. on Torts., 22; 4 Am. and Eng. Encyc. of Law, 583, 592, 605, 608; Greenl. on Pub. Pol., 648, 651, and notes; 22 Am. Law Rev., 233; Walker v. Cronin, 107 Mass., 555; Tied. on Police Power, 246; Carew v. Rutherford, 106 Mass., 1; The State v. Glidden, 55 Conn., 46; The State v. Stewart, 59 Vt., 273; Same Case, 59 Am. Rep., 710; People v. Fisher, 14 Wend., 9; Jones v. Baker, 7 Cowen, 445; Murray v. McGarigle, 34 N. W. Rep., 522; Laverty v. Vanarsdale, 65 Pa. St., 507.

Coal Co. v. Barclay, 68 Pa. St., 173, in which the court says: "Singly, each company might have suspended its sales of coal to suit its own interests. * * * There is a certain freedom which must be allowed to every one in managing his own affairs. When competition is left free, individual error or folly will generally find a corrective in the conduct of others. But here the companies have combined to govern the supply and price of coal. * * * This combination has a power which no individual can confer (and it may be added, which no individual can withstand). The public must succumb, for it has left no competition free to correct its baleful influence. * * * Such a combination is more than a contract; it is an offense."

Reg v. Rowlands, 17 Ad. & El., 671, the court says: "While the workmen have a right to meet and combine to fix the wages at which they will give their labor to the capitalist, they have no right by obstruction or by molestation to carry out their object. * * * A combination for the purpose of injuring another is a combination of a different nature, and the law * * * gives no sanction to combinations which have for their immediate purpose the hurt of another."

Springhead Co. v. Riley, L. R., 6 Ex., 551; Mogul Steamship Co. v. McGregor, 152 B. Div., 476; Same Case, 22 Cent. Law Jour., 303, in which a conference of ship owners (who were defendants) issued circulars that if the persons to whom the circulars were addressed deal with the plaintiffs they (the shipowners) will deny them the benefits which hitherto had accrued to them in their dealings with defendants. Held to be a criminal conspiracy; and if so, then actionable; and that the case is within the principle of Rex v. Eccles, 3 Douglass, 337, and other cases mentioned; and that a conspiracy to do the thing which has been

called by the name of boycotting is unlawful, and if an indictment will lie, then an action.    Arnott v. Coal Co., 68 N. Y., 558.

*Forster Rose*, for defendants in error.—1. A conspiracy to refuse to deal with another is neither an offense at common law nor under our statutes.    Penal Code, art. 800–808; Gen. Laws 1884, p. 25; Gen. Laws 21st Leg., chap. 117, p. 141; 4 Am. and Eng. Encyc. of Law, 583.

2.   In a civil action for damages sustained by reason of acts accomplished in pursuance of a conspiracy the gist of the action is the damage sustained by the acts of the defendants, and the allegations of a conspiracy need not be proved.    The only object in alleging a conspiracy is to look beyond the actual participants in committing the injury and join with them as defendants all who conspired to accomplish it, and the conspiracy is nothing so far as sustaining the action goes, the foundation of it being the actual damage done to the party.    Cool. on Torts, 124–126, 278, 279; Bish. on Non-Cont. Law, sec. 354; Add. on Torts., sec. 850; 4 Am. and Eng. Encyc. of Law, 593; Hunt v. Simonds,· 19 Mo., 583; Kimball v. Harman, 34 Md., 408; Eason v. Petway, 1 N. C., 44; Bowen v. Matheson, 96 Mass., 499; Hutchins v. Hutchins, 7 Hill (N. Y.), 107; Willington v. Small, 3 Cushing (Mass.), 145; Saville v. Roberts, 1 Ld. Raym., 374.

3.   A conspiracy can not be made the subject of. a civil action, although damages result, unless something is done which without the conspiracy would give a right of action.    In other words an act which if done by one alone constitutes no ground of action can not be made the ground of such action by alleging it to have been done by and through a conspiracy of several.    The true test as to whether such action will lie is whether or not the act accomplished after the conspiracy has been formed is itself actionable.    Cool. on Torts, 124–126, 278, 279, 690; Bish. on Non-Cont. Law, sec. 354; Add. on Torts, sec. 850; 4 Am. and Eng. Encyc. of Law, 593; Hunt v. Simonds, 19 Mo., 583; Kimball v. Harman, 34 Md., 408; Eason v. Petway, 1 N. C., 44; Bowen v. Matheson, 96 Mass., 499; Hutchins v. Hutchins, 7 Hill (N. Y), 107; Willington v. Small, 36 Cushing (Mass.), 145.

4.   A person has an absolute right to refuse to have business relations with any person whomsoever, whether the refusal is based upon reason or is the result of whim, caprice, prejudice, or malice, and there is no law which forces a man to part with his title to his property. Cool. on Torts, 278; Hunt v. Simonds, 19 Mo., 583, 586.

5.   The allegation that an act was accomplished with bad motive or with malicious intent does not furnish a ground of action, unless the act itself is unlawful.    Cool. on Torts, 690; Hunt v. Simonds, 19 Mo., 589, 590.

6.   The law furnishes no compensation where individuals sustain damages by the acts of others, when such acts are consistent with law. Cool. on Torts, 690; Hunt v. Simonds, 19 Mo., 583, 586.

HENRY, ASSOCIATE JUSTICE.—This suit was brought to recover damages by Bernard Delz against the members of the firm of Winfree, Norman & Pearson, and the members of the firm of Borden & Borden.

Plaintiff's petition stated his cause of action as follows: That he was pursuing the occupation of a butcher in the city of Galveston, and was making and would have continued to make large profits and gains in the business but for the grievances committed by the defendants as alleged; that in the prosecution of his business he had opened and was conducting two butcher shops in said city for the sale of different kinds of fresh meat; that it became necessary that he should buy live animals suitable and fit to be slaughtered for the purposes of his business as a butcher, and for a long time before and at the time of the commission by defendants of the grievances herein stated he was engaged in the business of buying live animals suitable and fit to be slaughtered and sold as fresh butcher's meat, and which he slaughtered and sold as such at his said two butcher shops; that the persons from whom plaintiff bought said live animals were engaged in the business of transporting to Galveston and receiving for sale live animals suitable and fit to be slaughtered and sold as butcher's meat, and in selling such live animals for such purposes to whomsoever would buy; that long before and at the time of the commission by defendants of the wrongs herein charged the defendants were engaged, and are now engaged, as separate firms in said business of receiving and selling live animals for the purposes aforesaid on Galveston Island, and were and are now the only persons or association of persons so engaged in said business in Galveston County; that without justifiable cause and unlawfully, and with the malicious intent to molest, obstruct, hinder, and prevent plaintiff from carrying on his said business and making a living thereby, the said Winfree, Norman & Pearson, on or about the 1st day July, 1889, and at divers times thereafter, and until the filing of this petition, did combine, confederate, and conspire with said firm of Borden & Borden, and with one Gerhard Barbour, a butcher, not to sell to petitioner for cash any live animals or slaughtered meat for the purposes or for the prosecution of his said business; that the said Winfree, Norman & Pearson solicited and procured from said Borden & Borden an agreement not to sell any live animals to plaintiff, and did so induce said Gerhard Barbour and others to plaintiff unknown not to sell to him slaughtered meat for the purposes of his said business.

The petition charges that in pursuance of said combination each of said firms subsequently refused to sell plaintiff live animals when he applied to them to purchase them at their own price in money which he then offered to pay them, and that said Gerhard Barbour likewise refused to sell him slaughtered meat; that by reason of such unlawful combination and malicious interference with his business, plaintiff was compelled to close up and discontinue his business in one of his two shops, and in order to continue it at the other one of his shops he has

been and is now forced to buy slaughtered meat at a great disadvantage and at higher prices than he would have had to pay but for the aforesaid unlawful combination and malicious interference with and hindrance of his business by defendants.

The court sustained a general demurrer to the petition.

Appellant's assignment of error brings before us the correctness of this ruling.

The appellee contends that at common law "a conspiracy can not be made the subject of a civil action, although damages result, unless something is done which without the conspiracy would give a right of action. In other words an act which if done by one alone constitutes no ground of action can not be made the ground of such action by alleging it to have been done by and through a conspiracy of several; that the true test as to whether such action will lie is whether or not the act accomplished after the conspiracy has been formed is itself actionable."

We think that the proposition here asserted is well sustained by the authorities, and the first question to be determined is whether, on account of the acts charged by plaintiff against the defendants, he would have had a cause of action against either of them if no conspiracy had been charged.

If he would have had, then he may maintain his action for a conspiracy. If he could not have sustained a separate action against either of the defendants on account of the matters complained of, the additional charge of a conspiracy will not give it. Cool. on Torts, 125; Kimball v. Harmon & Burch, 34 Md., 407; Laverty v. Vanarsdale, 65 Pa. St., 507.

The appellee also asserts the following proposition, which may be conceded to be correct: "A person has an absolute right to refuse to have business relations with any person whomsoever, whether the refusal is based upon reason or is the result of whim, caprice, prejudice, or malice, and there is no law which forces a man to part with his title to his property."

The privilege here asserted must be limited however to the individual action of the party who asserts the right. It is not equally true that one person may from such motives influence another person to do the same thing. If without such motive the cause of one person's interference with the property or privileges of another is to serve some legitimate right or interest of his own, he may do acts himself, or cause other persons to do them, that injuriously affect a third party so long as no definite legal right of such third party is violated.

In the case of Walker v. Cronin, 107 Massachusetts, 562, it was recognized to be a general principle that, "In all cases where a man has a temporal loss or damage by the wrong of another, he may have an action upon the case to be repaired in damages. The intentional causing of

such loss to another, without justifiable cause and with the malicious purpose to inflict it, is of itself a wrong.

"There are indeed many authorities which appear to hold that to constitute an actionable wrong there must be a violation of some definite legal right of the plaintiff. But those are cases, for the most part at least, where the defendants were themselves acting in the lawful exercise of some distinct right, which furnished the defense of a justifiable cause for their acts, except so far as they were in violation of a superior right in another.

"Thus every one has an equal right to employ workmen in his business or service; and if by the exercise of this right in such manner as he may see fit persons are induced to leave their employment elsewhere, no wrong is done to him whose employment they leave, unless a contract exists by which such other person has a legal right to the further continuance of their services. If such a contract exists, one who knowingly and intentionally procures it to be violated may be held liable for the wrong, although he did it for the purpose of promoting his own business.

"Every one has a right to enjoy the fruits and advantages of his own enterprise, industry, skill, and credit. He has no right to be protected against competition; but he has a right to be free from a malicious and wanton interference, disturbance, or annoyance. If disturbance or loss come as a result of competition, or the exercise of like rights by others, it is *damnum absque injuria*, unless some superior right by contract or otherwise is interfered with. But if it come from the merely wanton or malicious acts of others, without the justification of competition or the service of any interest or lawful purpose, it then stands upon a different footing."

Plaintiff's petition goes further than to charge that each of the defendants refused to sell to him. It charges that they not only did that, but that they induced a third person to refuse to sell to him. It does not appear from the petition that their interference with the business of plaintiff was done to serve some legitimate purpose of their own, but that it was done wantonly and maliciously, and that it caused, as they intended it should, pecuniary loss to him.

We think the petition stated a cause of action and that the demurrer should have been overruled.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered March 24, 1891.

*Forster Rose*, for defendants in error, argued a motion for rehearing. The motion was transferred to Austin and there refused.