**JOHNSON et al. v. STILES et al.   (No. 7991.)**

Court of Civil Appeals of Texas. San Antonio.
April 18, 1928.

Rehearing Denied May 9, 1928.

**1. Appeal and error ⬤�longrightarrow719(1)—Sustaining demurrer to petition, dismissing action against one defendant and instructing verdict for defendants, held to present fundamental error.**

Action of trial court in sustaining demurrer to petition, dismissing cause of action against one of two defendants, and in instructing verdict for defendants, raised a question of fundamental error reviewable on appeal without assignment of error.

**2. Conspiracy ⬤�longrightarrow18—Petition in action to recover embezzled funds alleging conspiracy to defeat recovery held to state cause of action, as against demurrer and motion to dismiss.**

Petition alleging that defendant S. embezzled funds furnished him to pay for labor under his agreement to superintend clearing of land for plaintiffs, and that defendant L. willfully induced S. to cheat and defraud plaintiffs of any legal redress or remedy to collect money due them, and maliciously conspired with S. to defeat plaintiffs' right to recover money by mortgaging S.'s property to L., *held* to state a good cause of action as against demurrer and motion of L. to dismiss as to him.

**3. Appeal and error ⬤�longrightarrow863—Appellate court cannot consider equities in reviewing judgment sustaining demurrer.**

On appeal from judgment sustaining demurrer, appellate court cannot consider equities, since demurrer admits as true for argument and disposition all allegations of pleader.

Appeal from District Court, Willacy County; A. M. Kent, Judge.

Action by C. R. Johnson and others against Roger B. Stiles and another. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

R. S. Dorsett, of Raymondville, for appellants.

D. E. Decker and A. B. Crane, both of Raymondville, for appellees.

COBBS, J. Appellants sued appellee Stiles under a written contract, in which Stiles for the consideration of $150 per month was to superintend the clearing and grubbing of land for appellants, alleging appellee Stiles had embezzled funds furnished him for paying for the labor. There was further allegation that appellee Lindahl had advised Stiles not to make settlement for the moneys by appellants demanded.

The court sustained exceptions to the petition by appellee Lindahl, and the cause was tried to jury, and the court peremptorily instructed the jury to find for defendants because of failure of appellants to make proof of the allegations.

Appellants by appeal are in this court without having filed motion for new trial or assignments of error in the trial court.

The pleadings, amendments, etc., of both parties cover 30 pages of the transcript, too voluminous to set out in hæc verba or to condense properly. The cause of action among other things alleged against A. A. Lindahl is:

"Plaintiffs allege that they have recently discovered that on or about the 16th day of May, A. D. 1927, defendant A. A. Lindahl, for the purpose and with the intent to cheat and defraud plaintiffs and to deprive plaintiffs of any legal redress or remedy they may have had against defendant Roger B. Stiles to collect the above sum of money due them as aforesaid, willfully and maliciously conspired with defendant Roger B. Stiles, and advised and assisted him in mortgaging and disposing of all of the said property so belonging to the defendant Roger B. Stiles, to wit, 24 head of mules, which said mules were then and there mortgaged to defendant A. A. Lindahl, by certain chattel mortgage dated and filed for record in the office of the county clerk of Willacy county, Tex., on said 16th day of May, A. D. 1927, a certified copy of which is filed herewith and made a part hereof.

"Wherefore, defendants having been heretofore cited to appear and answer herein, as the law directs, plaintiffs pray that upon final hearing hereof they have judgment against the defendants and each of them for the sum of $7,091.79, their said debt and claim, together with interest thereon at the rate of 6 per cent. per annum from the 23d day of April, A. D. 1927, and all cost of court, and for such other and further relief, both special and general, as in law and in equity they may be justly entitled to, for all of which they will ever pray."

Defendant answered also by a plea of misjoinder, but no action of the court on any plea is set up, except the dismissal of the cause on the general exception.

The case was tried with a jury. The court on demurrer dismissed appellee Lindahl from the suit, and instructed the jury to find for appellees against the other defendant.

At the request of appellants the court made and filed findings of fact and conclusions of law, but not in respect to the matters as to A. A. Lindahl.

[1] The action of the court in sustaining the demurrer, dismissing the cause of action against A. A. Lindahl, and then further instructing a verdict for appellees, raises a question of fundamental error. We have examined the entire record for fundamental error.

[2] We think the petition disclosed a good cause of action. It is sufficiently alleged that but for the willful and wanton interference of appellee Lindahl, who, as alleged, induced his joint defendant "to cheat and defraud plaintiffs of any legal redress or remedy they may have had against defendant Roger B. Stiles to collect the money due them," and willfully and maliciously conspired with said

⬤�longrightarrowFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Stiles to secure, as he did, a mortgage on the same property to himself so that the said mortgagor placed his property beyond the power of specific performance, and that appellant was left without security to collect his debt on account of the fraud, conspiracy, and the interference of said Lindahl.

We have of course no authority to make rules, only to enforce them. If counsel would stop a moment to think they would realize how helpful it would be to the court if the typewritten copies of briefs were properly styled and paged, and indorsed "original" or "copy," as the case may be, they would do it.

As authority in support of their contention appellants cite Delz v. Winfree, 80 Tex. 400, 16 S. W. 111, 26 Am. St. Rep. 755; Raymond v. Yarrington, 96 Tex. 443, 72 S. W. 580, 73 S. W. 800, 62 L. R. A. 962, 97 Am. St. Rep. 914; Day v. Hunnicutt (Tex. Civ. App.) 160 S. W. 134; Bowen v. Speer (Tex. Civ. App.) 166 S. W. 1183.

[3] We realize the rule that in a case of the race of diligence between debtors the law approves the diligent; for to the fast and swift runner belongs the victory. But we can consider no equities in passing on a demurrer which admits as true for argument and disposition all the allegations of the pleader.

We do not pass upon any question of misjoinder of causes or parties, for a conspiracy is alleged between the parties to accomplish the breach, but it is not properly presented here for any ruling.

We do not discuss or undertake to pass upon the other questions of fact raised between the other parties for the case is in no shape to do so.

It was fundamental error to sustain the exception and dismiss from the suit appellants' cause of action against A. A. Lindahl, and to direct the jury to bring in a verdict for appellees.

For the reasons given the judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.