**L. L. McGUIRE, Appellant,**

v.

**Mrs. Beatrice J. DAVIS et al., Appellees.**

**No. 5139.**

Court of Civil Appeals of Texas,
Waco.

July 20, 1972.

Rehearing Denied Aug. 10, 1972.

L. L. McGuire, pro se.

Samuel R. Bonney, Dallas, for appellees.

## OPINION

JAMES, Justice.

This is an appeal from a summary judgment. We reverse and remand the case to the trial court for trial on the merits.

Plaintiff-Appellant L. L. McGuire owns a 35 acre tract which adjoins a 31.77 acre tract owned by Defendant-Appellee Mrs. Gladys M. Davis, both of which tracts abut upon U. S. Highway 67 in Ellis County, Texas. The McGuire tract and the Davis tract came from a common source of title. When McGuire purchased his tract, restrictive covenants were recited in his deed which purported to cover not only the McGuire tract, but also the tract which would later be the Davis tract. These covenants restricted the subject property to farming, grazing, and residential purposes to a depth of 400 feet from U. S. Highway 67. McGuire's deed is dated April 13, 1955, and was filed for record April 16, 1955, in the Deed Records of Ellis County, Texas. The deed from the common grantor to Mrs. Davis's predecessor in title conveying the Davis tract expressly recited that it was made subject to "any and all easements, restrictions, covenants, conditions, and reservations of record, if any, applicable to the herein conveyed property or any part thereof." This deed is dated March 11, 1957, and was filed for record March 14, 1957, in the Deed Records of Ellis County, Texas.

A commercial billboard sign was erected on the Davis tract in March, 1971, within the 400 feet restrictive area, without McGuire's permission. McGuire filed suit on or about April 14, 1971, and in his Fourth Amended Original Petition (his current pleadings at the time of the trial court's judgment), he made as Defendants the Appellee Mrs. Gladys M. Davis and other parties not necessary to enumerate, as well as the Dallas Outdoor Sign Company (who erected the sign) and its partners. By his pleadings Plaintiff-Appellant McGuire prayed for a declaratory judgment holding the restrictive covenants to be valid and legal, and for a mandatory injunction compelling Defendants to remove the sign. The Defendants all filed general denials.

The sign stayed up on the Davis tract for about five months, until on or about September 28, 1971, when it was removed therefrom.

After the sign was removed, Defendants moved for a summary judgment, contending in effect that since the sign had been removed, that there was no longer any justiciable controversy, and therefore the relief sought by McGuire was moot.

McGuire served Appellee Mrs. Davis with written interrogatories, among which were questions numbers 11, 12, and 13, wherein he asked Mrs. Davis if she claimed the restrictive covenants were invalid, and if not, by what right did she have the sign in question erected; and in the event she claimed the restrictions were invalid, for what reason she claimed them invalid. Mrs. Davis refused to answer these three interrogatories on the ground that these questions were now moot.

McGuire filed a motion to have the trial court compel Mrs. Davis to answer these questions, which motion the trial court denied. In other words, Mrs. Davis was not compelled to answer these questions, and she did not answer them.

The trial court then granted the Defendants' motion for summary judgment, and thereafter entered a final judgment that Plaintiff McGuire take nothing, and taxed the costs against him.

■ McGuire appeals on three points of error, the first point contending the trial court erred in granting the Defendant-Appellees' motion for summary judgment, because there is a real and bona fide controversy between the parties. We sustain this contention.

■ Summary judgment is proper only when there is no genuine issue as to any material fact and when the moving party is entitled to judgment as a matter of law. The burden of proof is upon the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved *against* him. The evidence must be viewed in the light most favorable to the party opposing the motion. If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the opposing party is taken as true. Rule 166–A, Texas Rules of Civil Procedure; Great American Reserve Insurance Company v. San Antonio Plumbing Supply Co. (Sup.Ct.1965) 391 S.W.2d 41.

In the case at bar, Plaintiff-Appellant McGuire set up in his pleadings his restrictive covenants, asserted their validity as applied to the Davis tract, prayed for a declaratory judgment establishing their validity, alleged a violation thereof by erection of the sign, and asked for a mandatory injunction requiring Defendants to remove the sign. The Defendants by filing general denials thereto put all these allegations and contentions of Plaintiff in issue. A general denial in this instance puts the adverse party (here the Plaintiff-Appellant McGuire) in the position of having to prove every material fact of his cause of action.

Rule 92, TRCP; Boswell v. Handley (Sup. Ct.1965) 397 S.W.2d 213; Alexander v. Houston Oil Field Material Co. (Tyler CA 1965) 386 S.W.2d 540, error refused NRE.

Let us now turn to the Uniform Declaratory Judgments Act in order to evaluate the relief McGuire was entitled to litigate.

The pertinent portions of Article 2524–1 Vernon's Ann.Tex.St., known as the Uniform Declaratory Judgments Act, are as follows:

"Section 1. Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations *whether or not further relief is or could be claimed.* (emphasis supplied) * * *.

"Section 2. Any person interested under a deed, will, written contract, or other writings constituting a contract, * * * may have determined any question of construction or validity arising under the instrument * * * and obtain a declaration of rights, status, or other legal relations thereunder.

"Section 3. A contract may be construed *either before or after there has been a breach thereof.*" (emphasis supplied).

To entitle a party to declaratory judgment relief, our Supreme Court has held that (a) there shall be a real controversy (sometimes called a "justiciable controversy") between the parties, which (b) will be actually determined by the judicial declaration sought. Board of Water Engineers v. City of San Antonio (Sup.Ct. 1955) 283 S.W.2d 722.

In the case at bar, a very real controversy existed between the parties. Plaintiff-Appellant alleges that his tract with the improvements thereon is worth in excess of $40,000.00 as a residence homestead; and if the restrictive covenants in question were removed, that his property would be greatly lessened in value. The Defendants at least had constructive notice of these restrictions (by virtue of their recordation)

at the time the sign in question was erected, and may have had actual knowledge thereof.

If the restrictions are valid, as they appear to be from the record, then the erection of the sign and keeping it up for five months was an overt violation thereof. The taking down of the sign under stress of litigation coupled with Defendant-Appellee Mrs. Davis's refusal to answer whether or not she claimed the restrictions were invalid (in response to the interrogatories) constituted eloquent testimony to the continued existence of a justiciable controversy.

Plaintiff-Appellant McGuire is entitled to his day in court which will accomplish a judicial ascertainment of the problem to which he now seeks an answer, to wit, whether the restrictive covenants in question are valid or invalid.

We accordingly reverse and remand the cause to the trial court for trial on the merits, and tax the costs of this appeal against the Defendants. Rule 131, TRCP.

Reversed and remanded.