**BEXAR PLUMBING COMPANY, INC., Appellant,**

v.

**McKITTRICK, DRENNAN, RICHARD-SON, WALLACE ARCHITECTS et al., Appellees.**

No. 16589.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 11, 1975.

Rehearing Denied Jan. 8, 1976.

Paul L. Malloy, Jr., Houston, for appellant.

Fulbright & Jaworski, Frank G. Jones, Houston, for appellees.

COLEMAN, Chief Justice.

This is a suit for damages allegedly suffered by Bexar Plumbing Company, Inc. (Plaintiff), growing out of the failure of the general contractor, Spaw-Glass, Inc., to award to the plaintiff a subcontract for the plumbing work involved in the construction of a school building for the Conroe Independent School District. The trial court entered a summary judgment in favor of appellees, two architectural firms retained by the School District. The judgment was based on the pleadings since there were no

affidavits or other summary judgment evidence before the court. The judgment of the trial court will be reversed and the cause remanded.

■ Since there was no summary judgment evidence presented at the hearing in the trial court, we must consider as proven the facts alleged by the plaintiff. On November 26, 1974, the trustees of the Conroe Independent School District solicited bids for the construction of a new high school. Spaw-Glass, Inc., was awarded the general contract. This contract required the general contractor to submit to the architects in writing for acceptance by the owner and architect a list of the names of the subcontractors for the principal portions of the work. It further provided that the architect should notify the general contractor in writing if either the owner or the architect after due investigation had reasonable objection to any person or organization on the list of subcontractors. On December 9, 1974, Spaw-Glass, Inc., submitted the name of Bexar Plumbing Company, Inc., as the plumbing subcontractor. Bexar had submitted the lowest bid of the plumbing subcontractors. By letter dated December 11, 1974, the McKitrick architectural firm notified Spaw-Glass that the Bexar Plumbing Company, Inc., was unacceptable as a subcontractor for plumbing. Bexar Plumbing Company, Inc., is a corporation with principal offices in Harris County. The Strong Company, a corporation with its domicile and place of business in Montgomery County, Texas, who submitted the highest of five bids, was awarded the plumbing subcontract.

Plaintiff alleges that the defendants made no investigation whatsoever into the competence of the company receiving the bid, or other companies which made bids, including Bexar Plumbing Company, Inc. Plaintiff alleges that these actions violate the provisions of Article 21.901(b) of the Education Code, Vernon's Texas Codes Annotated, requiring competitive bidding.

The plaintiff alleged that the award to Strong Company of the plumbing work could only be the result of bias or prejudice against plaintiff or favoritism toward the Strong Company and that the acts of the "Defendant" are unlawful and partake of "a wanton and malicious nature that constitute fraud."

In *Texas Department of Corrections v. James W. Herring,* 513 S.W.2d 6 (Tex.1974), the plaintiff Herring brought action for personal injuries against the Texas Department of Corrections under the Texas Tort Claims Act, Article 6252–19, Sec. 3. The trial court held that, as a matter of law, Herring did not have a cause of action under the Texas Tort Claims Act and rendered a take-nothing summary judgment with prejudice. The Department of Corrections argued that a failure to give medical care cannot involve the use of tangible property. The Supreme Court stated that Herring's pleadings failed to state a cause of action since no "use of tangible property" was alleged as required by the Texas Tort Claims Act. The Supreme Court recognized that a party may plead himself out of court by pleading facts which affirmatively negate his cause of action. They stated that in such a case a summary judgment would be proper. The Court held:

> "Had the Department of Corrections filed special exceptions which were sustained by the court, Herring would have had an opportunity to amend as a matter of right. *McCamey v. Kinnear,* 484 S.W.2d 150 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.). But only after a party has been given an opportunity to amend after special exceptions have been sustained may the case be dismissed for failure to state a cause of action."

The Court further stated:

> ". . . This court believes that the protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where plaintiff's pleadings, as here, fail to state a cause of action. To do so would revive the general demurrer

discarded by Rule 90, Texas Rules of Civil Procedure  .  .  ."

In *Swilley v. Hughes,* 488 S.W.2d 64 (Tex. 1974), the Supreme Court indicated that a motion for summary judgment could properly be sustained where the facts alleged by plaintiff establish the absence of a right of action or an insuperable barrier to a right of recovery.

While we feel that the plaintiff has failed to sufficiently allege a cause of action based on the statutory requirement of competitive bidding we cannot state with certainty that the plaintiff could not by amendment allege such a cause of action.

The facts alleged by the plaintiff suggest that by amendment he might sufficiently allege a cause of action against these appellees based on malicious interference with business relations.  See *Delz v. Winfree,* 80 Tex. 400, 16 S.W. 111 (1891); *Davis v. Lewis,* 487 S.W.2d 411 (Tex.Civ.App.—Amarillo, 1974, no writ hist.); *Hampton v. Sharp,* 447 S.W.2d 754 (Tex.Civ.App.—Houston [1st] 1969, writ ref'd n. r. e.); 45 Am.Jur.2d, Interference, Sec. 50, p. 322.

The judgment is reversed and the cause remanded.