John Bartley JONES, Appellant,

v.

Martha Sue YOUNG et al., Appellees.

No. 1337.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 28, 1976.

Rehearing Denied Sept. 8, 1976.

Thomas E. Green, Jr., Green & Sims, Michael D. Stewart, Urban, Coolidge, Pennington & Scott, Houston, for appellant.

Ewing Werlein, Jr., W. McNab Miller, III, Vinson, Elkins, Searls, Connally & Smith, Thomas D. White, Ted B. Widmer, L. L. Elliott, J. R. Smith, Timothy Horan, Jr., Monteith, Baring & Nester, Houston, for appellees.

J. CURTISS BROWN, Chief Judge.

This is a suit to remove a cloud on title and for declaratory judgment.

John Bartley Jones (Jones or appellant) filed suit against certain landowners and lien holders (appellees) in Rollingwood, a subdivision of Houston, Texas, as representatives of the class comprised of all owners and lien holders in the subdivision, seeking to have certain restrictive covenants declared not to apply to his property. Jones claimed that the restrictive instruments were not applicable to his lots and that enforcement of the restrictions would interfere with his complete use and enjoyment

of his property. He prayed that the restrictions be removed as a cloud on his title or declared to be ineffective under the Texas Uniform Declaratory Judgments Act, Tex. Rev.Civ.Stat.Ann. art. 2524-1 (1965). Several defendants filed answers. Others filed pleas to the jurisdiction seeking a dismissal on the ground that no justiciable controversy was shown to exist and that the court was being asked to render an advisory opinion. The trial court sustained these pleas and dismissed the suit on the pleadings. Jones has duly perfected this appeal claiming that the trial court erred in dismissing his cause of action because there was a justiciable controversy.

■ An action to remove a cloud on title (or to quiet title, or for cancellation of restrictions) is an appropriate means for a landowner to seek affirmative relief against restrictive covenants which limit his use and enjoyment of his property. See *Simon v. Henrichson,* 394 S.W.2d 249 (Tex.Civ. App., Corpus Christi 1965, writ ref'd n. r. e.). An action for declaratory judgment is also an appropriate means for seeking a determination of the validity, applicability, or enforceability of such restrictions. See *Anderson v. McRae,* 495 S.W.2d 351 (Tex. Civ.App., Texarkana 1973, no writ); *McGuire v. Davis,* 483 S.W.2d 553 (Tex.Civ. App., Waco 1972, writ ref'd n. r. e.).

■ In any suit, whether the relief sought is consequential or declaratory, there must exist a justiciable controversy between the parties. *California Products, Inc. v. Puretex Lemon Juice, Inc.,* 160 Tex. 586, 334 S.W.2d 780 (1960). The supreme court in *Board of Water Engineers v. City of San Antonio,* 155 Tex. 111, 283 S.W.2d 722, 724 (1955) stated that the phrases "advisory opinion" and "justiciable controversy" refer to the requirements that (a) there be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.

■ The petition in this case demonstrates that a very real and important controversy exists between the parties, which can be determined in this suit. The question is: Does the restrictive instrument, which is of record and purportedly imposes certain restrictive covenants on the entire subdivision in which appellant's property is located, apply to appellant's lots? An answer to that question would finally and completely terminate the present controversy.

■ Five of the defendants filed general denials in the trial court. None filed disclaimers. Appellees do not concede that the restrictive instruments are not applicable to appellant's lots. There exists between these parties an actual controversy which would have been determined by the removal of the cloud on appellant's property or a judicial declaration that such lots are not subject to the restrictive instrument. It should be noted that insofar as a declaratory judgment is sought, all persons who have a claim or interest that would be affected by the declaration must be made parties to the suit.

In any event, it was error for the trial court to dismiss appellant's suit. In *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.Sup.1974), our supreme court vigorously condemned a procedure which denied the plaintiff the opportunity to amend his pleadings to state a cause of action:

"In the instant case [plaintiff] was precluded opportunity to amend his pleadings once the trial court had granted the motion for summary judgment. This court believes that the protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where plaintiff's pleadings, as here, fail to state a cause of action. To do so would revive the general demurrer discarded by Rule 90, Texas Rules of Civil Procedure." *Id.* at 10.

Accord, *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.Sup.1972); *Bexar Plumbing Co. v. McKittrick, Drennan, Richardson, Wallace Architects,* 532 S.W.2d 112 (Tex.Civ.App., Houston [1st Dist.] 1975, no writ).

Although this is not a summary judgment case, the summary dismissal on the plead-

ings, without giving the plaintiff an opportunity to amend his pleadings, constitutes the same error condemned by the supreme court in *Herring*. Appellant's point 1 is sustained, and the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.