**Ray HARSHBERGER and Ray's Mobile Home Service, Inc., Appellants,**

v.

**RELIABLE–AIRE, INC., Appellee.**

No. 1903.

Court of Civil Appeals of Texas, Corpus Christi.

July 23, 1981.

Rehearing Denied Aug. 6, 1981.

John A. Sixta, Jr., Corpus Christi, for appellants.

Charles A. Carlson, III, Mike Ezell, Harlingen, for appellee.

## OPINION

BISSETT, Justice.

This is a venue case. Ray Harshberger and Ray's Mobile Home Service, Inc., defendants in the trial court, have duly and timely appealed from an order of the District Court of Cameron County, Texas, sitting without a jury, which overruled their plea of privilege to be sued in Nueces County, Texas, where they resided. Reliable-Aire, Inc., plaintiff in the trial court, controverted the plea of privilege and asserted that venue was properly maintainable in Cameron County, Texas under the provisions of Tex.Rev.Civ.Stat.Ann., Article 1995, Subdivision 23. The parties will be referred to by name or as "plaintiff" and "defendants" as they were in the trial court.

Plaintiff, in its suit against the defendants, alleged that the latter tortiously interfered with the business relations of plaintiff and conspired with others to restrain trade in violation of the anti-trust laws of Texas contained in Section 15.03(a) of the Texas Business and Commerce Code. As a result, plaintiff seeks a permanent injunction enjoining defendants from interfering with plaintiff's business relations and, in addition, any damages, actual and exemplary, to which it is entitled.

No statement of facts is present in the record of this case. Only the transcript is before this Court. It contains the pleadings, and findings of fact and conclusions of law.

It is an exceptional case in which one appealing is entitled to a reversal of the trial court's judgment in the absence of a statement of facts. *Houston Fire & Casualty Ins. Co. v. Walker*, 152 Tex. 503, 260 S.W.2d 600, 603 (1953). If the contention is made that the findings of fact do not sustain the judgment rendered by the court, in the absence of a statement of facts, the appellate court's consideration is limited to the facts actually found by the trial court. *Cowling v. Colligan*, 158 Tex. 458, 312 S.W.2d 943 (1958). It is our duty to affirm the judgment unless the pleadings, stipulations and findings of the trial court do not support the judgment. *Gomez v. Gomez*, 577 S.W.2d 327, 331 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Phillips v. American General Insurance Co.*, 376 S.W.2d 808, 810 (Tex.Civ.App.—Amarillo 1964, no writ); *Dorman v. Cook*, 262 S.W.2d 744, 748 (Tex. Civ.App.—Beaumont 1953, writ dism'd).

The findings of fact filed by the trial court show the following applicable facts:

1) Plaintiff Reliable-Aire, Inc., is in the business of sales and servicing of air conditioning and heating units for single family dwellings and mobile homes; 2) Jim Ginther and George Nicholas are the owner and sales manager, respectively, of Reliable-Aire; 3) In April of 1980, Nicholas talked with several mobile home dealers in the Corpus Christi area to determine whether there was a market for mobile home air conditioners which Reliable-Aire might service; 4) Nicholas specifically talked with Dave Lewandos, owner of Gulfgate Mobile Home Service, in Corpus Christi and obtained an order for a four ton air conditioner unit; 5) Shortly thereafter, Reliable-Aire set up an office in the Corpus Christi area; 6) In October of 1980, defendant Ray Harshberger placed a telephone call to Ginther and Nicholas in Harlingen, Texas (Cameron County) complaining that Reliable-Aire was "creating a lot of havoc and aggravation and that it should pull out of the Corpus Christi market;" 7) Harshberger also "indicated that if Reliable-Aire, Inc., did not pull out of the Corpus Christi market," he would file a lawsuit against them alleging anti-trust violations; 8) Before the phone call was made, Harshberger had been told by Dave Lewandos that Gulfgate Mobile Home Service was going to do business with Reliable-Aire; 9) Harshberger's reply to Lewandos was that if he gave business to Reliable-Aire, Ray's Mobile Home Service would not continue to do warranty work for Gulfgate Mobile Home Service and the price of Harshberger's air conditioning units to Gulfgate would increase; 10) Since the threats and actions of Harshberger, Reliable-Aire has lost the business of Gulfgate Mobile Home Service and has been unable to penetrate this Corpus Christi market.

The trial court concluded that Harshberger's actions amounted to an interference with the business relations of Reliable-Aire and violated the Texas Business and Commerce Code, Section 15.03 in conspiring and attempting to restrain trade and monopolize the Corpus Christi mobile home air conditioning market. Furthermore, the trial court concluded that a portion of both causes of action took place in Cameron County due to the phone call made by Harshberger from Nueces County to Cameron County in which he talked to Ginther and Nicholas.

Two points of error have been brought forward by defendants. The first point states "The trial court erred in finding that a part of either of the causes of action alleged by the Plaintiff occurred in Cameron County." In essence, this point raises a question of law as to whether the telephone conversation placed by Harshberger to Cameron County constituted a part of either of the causes of action alleged. Since it is a question of law, this point is properly before this Court even without a statement of facts. Appellate Procedure in Texas, Section 12.3[1] (2nd Ed. 1979).

Venue can be sustained in the county where the case is filed when it is pleaded and proved that the plaintiff's cause of action or a part thereof arose in that county. Article 1995, Subdivision 23, Tex.Rev. Civ.Stat.Ann. A "cause of action" consists of the factual propositions which establish (a) plaintiff's "primary right," i. e. the defendant's duty, also often called the "genesis of the right," and (b) the defendant's action or omission which violates such right. *Stone Fort Nat'l. Bank of Nacogdoches v. Forbess*, 126 Tex. 568, 91 S.W.2d 674 (1936). Plaintiff's alleged causes of action in the court below consisted of an interference with plaintiff's business relations, a common law tort, and a violation of Section 15.03(a) of the Texas Business and Commerce Code for conspiring not to buy or sell from or to another person tangible personal property, a statutory tort action. With respect to the requirement that plaintiff show that a part of the cause of action arose in the county of suit, it is only necessary that plaintiff " ... show that part of the transaction creating the right or part of the transaction relating to the breach, ... " occurred in the county of suit. *Stone Fort Nat'l. Bank of Nacogdoches v. Forbess*, supra, 91 S.W.2d at 676. *American Quarter Horse Association v. Rose*, 525 S.W.2d 227 (Tex.Civ.App.—Ft. Worth 1975, no writ); *Crown Sash & Door, Inc. v. Steves Sash &*

*Door Co.*, 511 S.W.2d 603 (Tex.Civ.App.— San Antonio 1974, no writ).

The common law tort of malicious interference with business relationships of others has long been recognized in Texas. *Delz v. Winfree*, 80 Tex. 400, 16 S.W. 111, 112 (1891). This tort may exist even if no contract is yet in existence. The general rules applicable to this tort are set out in *Davis v. Lewis*, 487 S.W.2d 411, 414 (Tex. Civ.App.—Amarillo 1972, no writ), as follows:

"On this appeal the issue is not an interference with contractual rights, but rather an interference with a business relationship. The parties are agreed that one has a general duty not to interfere with another's business relations unless the interference is privileged under the circumstances. Although the legal prescript has been stated in multiform legalism, it long has been established in Texas that interference with a third party is actionable if the interference is motivated by malice and no useful purpose of the inducing party is subserved." [citations omitted].

■ It need not be absolutely certain that the prospective contract would have been made were it not for the interference; it must reasonably appear so, in view of all of the circumstances. *Cooper v. Steen*, 318 S.W.2d 750, 757 (Tex.Civ.App.—Dallas 1958, no writ). The interference must be malicious in nature to sustain an action for interference with business relations. *Light v. Transport Insurance Company*, 469 S.W.2d 433 (Tex.Civ.App.—Tyler 1971, writ ref'd n. r. e.); *Hampton v. Sharp*, 447 S.W.2d 754 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n. r. e.).

The Texas anti-trust statutes prohibit agreements where dealers limit the persons with whom one or both of the parties may deal. *Sherrard v. After Hours, Inc.*, 464 S.W.2d 87 (Tex.1971). A conspiracy may be formed when several persons or groups of persons agree among themselves not to buy or sell to another person or groups of persons, or when they agree to boycott or threaten not to buy from or sell to them, or to plot against the victims of the conspiracy by forming an agreement not to transport or deal in any way with their goods or produce. Texas.Bus. & Com.Code Ann. Section 15.03 (1968).

■ Venue in a civil suit for conspiracy may lie in any county in which an act in pursuance of the common design was performed by any one of the conspirators or by any other person at the instigation of any conspirator. *McCollum v. Merchants Factors Corp. of Texas*, 358 S.W.2d 183 (Tex. Civ.App.—Dallas 1962, no writ); *Commercial State Bank v. Algeo*, 331 S.W.2d 84 (Tex.Civ.App.—Eastland 1959, writ dism'd); *Snodgrass v. American Surety Co. of New York*, 156 S.W.2d 1004 (Tex.Civ.App.—Austin 1941, no writ).

■ The primary right of the plaintiff arose when it entered into the Corpus Christi mobile home air conditioner market in April of 1980 with Gulfgate Mobile Home Service. This transaction occurred entirely in Nueces County. The defendants' violation of this primary right took place when they went to visit David Lewandos at Gulfgate Mobile Home Service in Nueces County, *and* when they called Ginther and Nicholas in Cameron County to threaten the plaintiffs. Malicious conduct on the part of the defendants is an essential element of the tort of interference with business relations. The long distance phone call to plaintiff in Harlingen threatening the business of Reliable-Aire is direct evidence tending to prove a malicious intent on the part of Harshberger. The telephone call, therefore, was a part of the cause of action of tortious interference with plaintiff's business relations. Furthermore, the civil conspiracy cause of action under Section 15.03 of the Texas Bus. & Com.Code took place where *any* overt act was done in furtherance of the conspiracy. The telephone call was certainly part of the conspiracy. Since the telephone call was part of both of the alleged causes of action, point of error number one is overruled.

■ Point of error number two alleges that the District Court erred in holding that

part of the cause of action arose in Cameron County in that as a matter of law in cases involving telephone communications the locus of the speaker fixes the location for venue purposes. As authority for their argument, defendants cite to this Court numerous cases holding that in a contract action, the location of the speaker when the contract was accepted is controlling for venue purposes. *National Furniture Manufacturing Co. v. Center Plywood Co.*, 405 S.W.2d 115 (Tex.Civ.App.—Tyler 1966, writ dism'd); *Payne & Keller, Inc. v. Southwest Tank & Treater Co.*, 491 S.W.2d 464 (Tex. Civ.App.—Tyler 1973, no writ); *Traders Oil Mill Co. v. Arnold Bros. Gin Co., Inc.*, 225 S.W.2d 1011 (Tex.Civ.App.—Galveston 1949, no writ). In opposition plaintiff cites authority holding that a fraud cause of action takes place for venue purposes in the county where the words are heard by the person defrauded under Subdivision 7, Article 1995. *Enserch Exploration, Inc. v. Star Tex Propane, Inc.*, 608 S.W.2d 791 (Tex.Civ.App.—Waco 1980, no writ); *Rogers v. B. & R. Development, Inc.*, 523 S.W.2d 15 (Tex.Civ. App.—Ft. Worth 1975, no writ); *Texas Employers' Insurance Ass'n. v. Sprabery*, 507 S.W.2d 340 (Tex.Civ.App.—Ft. Worth 1974, no writ).

The present case, an action in tort, both common law and statutory, is more closely analogous to the rules applicable to fraud cases than to the rules applicable to contract cases. It is true that Harshberger was speaking from Nueces County, but his voice was heard in Cameron County, and his ultimatum was communicated to plaintiff in Cameron County. We are of the opinion that part of both the common law and statutory torts were committed in Cameron County. Direct authority for this conclusion is *Hayter v. Hudgens*, 236 S.W. 232, 234 (Tex.Civ.App.—Texarkana 1921, no writ), where the court held that a defendant speaking over the telephone from Nacogdoches County to the plaintiff in Rusk County committed fraud in Rusk County. The court stated: "We do not see that the fact that the offer was made by Hayter (defendant) over the telephone made it any less an offer to appellee in Rusk County than it would have been if Hayter had gone in person to Rusk County and there made it to appellee."

In the present case, the effect of the words spoken by Harshberger were not complete until they were communicated to plaintiff in Cameron County. It can be inferred that Harshberger's purpose in making the phone call was to threaten plaintiff and attempt to keep it out of the Corpus Christi market. Only when the words reached plaintiff in Cameron County did the words have their intended effect. It would have made no difference if the words had been uttered in person by Harshberger to plaintiff in Cameron County. The location of the listener fixes venue as a matter of law in the present case. That location was Cameron County. The second point of error is overruled.

The judgment of the trial court is AFFIRMED.