**Kenneth GASTON, Appellant,**

v.

**Lillian Gaston CHANEY, Appellee.**

**No. 11–86–208–CV.**

Court of Appeals of Texas,
Eastland.

July 23, 1987.

**736**

John Weeks, Burke, Lindsey & Weeks, Abilene, for appellant.

Jack Bryant, Abilene, for appellee.

## OPINION

ARNOT, Justice.

The controlling issue on this appeal is whether the district court of Taylor County erred in refusing to grant appellant's motion to transfer the case to the district court of the county in which he lived when this suit was filed. After a nonjury trial, judgment was rendered for appellee for past-due child support and for enforcement of an Arkansas decree of child support [under the Texas Uniform Reciprocal Enforcement of Support Act (URESA), TEX. FAM.CODE ANN. sec. 21.01 et seq. (Vernon 1986)].

Appellant first urges that the court committed reversible error in failing to sustain his motion to transfer. We agree.

The parties were divorced in Arkansas on December 2, 1970. Appellant was ordered to pay child support to appellee in the sum of $100 per week. Appellee filed a petition to register this foreign judgment in the district court of Taylor County, Texas, tracking the provisions of TEX.FAM.CODE ANN. sec. 21.64 (Vernon 1986) verbatim and praying for general relief. Appellant filed a motion to transfer the case to the county of his residence, Hardin County, Texas. This motion was overruled. The court confirmed the registration of the foreign divorce decree, entered a judgment against appellant for unpaid child support in the amount of $47,600, and ordered the involuntary assignment of appellant's wages.

The purpose of URESA is to provide a simplified, consistent, and effective mechanism for the interstate enforcement of support obligations. Conventional judicial proceedings had proved unsatisfactory, often because the defaulting spouse was outside the jurisdiction of the state whose court entered the decree and the child and the parent having custody could rarely afford to travel to distant states and litigate the question of support obligations. See Annot., 42 A.L.R.2d 768 (1955); Fox, *The Uniform Reciprocal Enforcement of Support Act*, 12 Fam.L.Q. 114 (1978). URESA was designed to allow the obligation of support to be established in the obligee's home state and then permit that right to be enforced in a foreign state by a simplified procedure without having to begin an independent action in the foreign state. Fox, *supra* at 114.

TEX.FAM.CODE ANN. ch. 21 (Vernon 1986) has two subchapters which provide for the interstate civil enforcement of support obligations. The first is known as the "Initiating State—Responding State" civil enforcement procedure which is provided by Sections 21.21 to 21.45. These statutes permit a resident of a foreign state to use a court of that state to certify to a Texas court facts showing that a resident of Texas, or one who owns property in Texas, owes an obligation of support to the initiating party. The Texas court determines the duty and the amount of support that is owed and enforces that obligation.

The second method of civil enforcement is the registration procedures provided by Sections 21.61 to 21.66. This procedure is simply a proceeding for the enforcement of a foreign judgment, similar to a proceeding under the "full faith and credit" clause of the United States Constitution. See *O'Halloran v. O'Halloran*, 580 S.W.2d 870 (Tex. Civ.App.—Texarkana 1979, no writ).

Section 21.64 provides:

The petition for registration shall be verified and shall set forth the amount remaining unpaid and a list of any other states in which the support order is registered and shall have attached to it a certified copy of the support order with all modifications thereof. The foreign support order is registered upon the fil-

ing of the petition subject only to subsequent order of confirmation.

Actions brought under Chapter 21 are governed as to venue by Section 21.08:

Venue for initiating cases under *this chapter* is in the county of the residence of the minor child for whom support is sought. Venue in all responding cases under this chapter is in the county of the residence of the obligor. (Emphasis added)

In the present case, obligee directly filed this suit in Taylor County, Texas. This case is neither an "initiating case" nor a "responding case" within the terminology of Section 21.08. Furthermore, neither the obligee, the children for whom the support was sought, nor the obligor were residents of Taylor County when the suit was filed. We are of the opinion that Section 21.08 is inappropriate when applied to registration cases brought under Sections 21.61–21.64 filed originally in this State.

Venue in these instances is controlled by TEX.CIV.PRAC. & REM.CODE ANN. sec. 15.001 (Vernon 1986) which provides:

Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought in the county in which all or part of the cause of action accrued or in the county of defendant's residence if defendant is a natural person.

The findings of fact filed show that appellant resided in Taylor County during the years 1984 and 1985. Further, the findings show that a portion of the delinquent child support accrued while appellant was a resident of Taylor County. In July or August of 1985, appellant moved his residence to Hardin County. Appellee filed her petition in Taylor County in September of 1985.

In its findings of fact, the trial court found that a portion of appellee's cause of action accrued in Taylor County. We disagree. A cause of action is composed of two elements: the primary right of the plaintiff and the breach thereof by the defendant. *Stone Fort Nat. Bank of Nacogdoches v. Forbess,* 126 Tex. 568, 91 S.W.2d 674 (1936); *Harshberger v. Reliable-Aire, Inc.,* 619 S.W.2d 478 (Tex.Civ.App.—Cor-

pus Christi 1981, writ dism'd); *Ed Friedrich Sales Corporation v. Deitrick,* 134 S.W.2d 760 (Tex.Civ.App.—Galveston 1939, no writ). Appellee's right is based upon the Arkansas judgment. It creates an obligation for appellant to pay appellee $100 per week. The support order sought to be registered provides that the payments are to be made into the registry of the Arkansas Court. The breach of this court order is appellant's failure to pay support in the sum of $100 per week into the registry of the Arkansas court. The primary right and breach thereof, hence the cause of action, accrued in Arkansas rather than Taylor County, Texas. Venue is in Hardin County, the county of appellee's residence under Section 15.001.

We find that the trial court erred in not granting the motion to transfer. We do not reach appellant's remaining points of error. We reverse and remand this cause to the trial court so that it can be transferred to Hardin County.