482 S.W.2d 327 (1972)
LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, CONSTRUCTION & MUNICIPAL WORKERS LOCAL UNION NO. 1253, Appellant,
v.
W. R. BLACKWELL, as City Manager, and the City of Lubbock, Texas, Appellees.
No. 8266.
Court of Civil Appeals of Texas, Amarillo.
April 24, 1972.
*328 Bader, Wilson, Menaker & Cox, Marvin Menaker, Dallas, for appellant.
Fred O. Senter, Jr., City Atty., James P. Brewster, Lubbock, for appellees.
REYNOLDS, Justice.
Appellant, Laborers' International Union of North America, Construction & Municipal Workers Local Union No. 1253, filed this declaratory judgment action against the City of Lubbock, Texas, and W. R. Blackwell in his capacity as City Manager, seeking to have declared invalid a regulation of the City of Lubbock prohibiting various supervisory personnel from obtaining membership in a union. The trial court, without intervention of a jury, denied the relief requested by appellant on the ground that there existed no justiciable controversy upon which the court could render a decision.
Appellant thereafter perfected appeal assigning two points of error complaining primarily that (1) the trial court erred in its determination that the appellant had no justiciable interest in the City of Lubbock's regulation pertaining to union membership, and (2) that the trial court erred in not granting a declaratory judgment prohibiting the City of Lubbock from promulgating or enforcing an administrative rule, ordinance, or policy prohibiting supervisors from forming a union, should they voluntarily choose to do so.
Affirmed.
The facts of the case before us are undisputed. All evidence, including exhibits, was made a part of the record by way of stipulation. Appellant is a labor organization with a principal office in Lubbock County, Texas. Appellee W. R. Blackwell, acting as City Manager for the City of Lubbock, on September 9, 1968, promulgated a memorandum to all directors and department heads on the subject of "Administrative Regulation Governing Organization of Municipal Employees" pursuant to various administrative regulations governing union organization of municipal employees. The purpose of the memorandum and regulation was to state the policy of the City of Lubbock on matters of union membership. The regulation sets out the right of the city employees to join or not join a labor organization, grievance procedures, rules relating to collective bargaining, strikes, and various other matters relating to employment policies of the City of Lubbock. *329 The section of the administrative regulation dealing specifically with supervisory personnel, the section in question here, reads as follows:
"VIII. Membership of Supervisory Employees

8.01 Supervisory employees carry responsibilities and duties in the management of the City's business which may be incompatible with membership in a labor organization. Supervisory employees, therefore, shall abstain from active participation in a labor organization in which employees supervised by such supervisory personnel are also members."
Appellant seeks by way of declaratory judgment to have Sec. 8.01 of the regulation declared invalid relying upon Vernon's Ann.Civ.St. art. 2524-1, § 2,[1] and Vernon's Ann.Civ.St. art. 5154c, § 4.[2] Appellees contend that appellant has no justiciable interest so as to entitle it to a declaratory judgment because appellant does not represent supervisory personnel to whom Sec. 8.01 applies, nor has there been any action taken or threatened to be taken whatsoever pursuant to such regulation.
In 1 McDonald, Texas Civil Practice, § 2.04-B concerning the history and meaning of the Uniform Declaratory Judgments Act, there is stated at page 171 the following:
"... The Act is merely procedural, confers no new substantive rights upon the parties, adds nothing to the jurisdiction of the courts, and provides simply a `remedy or procedure of great elasticity' for the determination of controversies, already within the courts' power."
There are certain well recognized requisites which must be met in order to entitle a party to secure a declaratory judgment. There must exist a justiciable, actual, real controversy, and a protectible right, not a future or speculative right. The court cannot be called upon to render advisory opinions on abstract, hypothetical, or moot questions. Further, the court in an action for declaratory judgment will not declare rights on facts which are uncertain, contingent and which facts or events may never happen. California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960); Reuter v. Cordes-Hendreks Coiffures, Inc., 422 S.W.2d 193 (Tex.Civ.App.Houston (14th Dist.) 1967, no writ). See McDonald, Texas Civil Practice, § 2.05.1-C, pp. 172-175.
Anderson's Actions for Declaratory Judgment, ch. 2, sec. 17, Vol. 1, p. 67, defines justiciable controversy as follows:
"A controversy is justiciable when there are interested parties asserting adverse claims upon a state of facts which must have accrued wherein a legal decision is sought or demanded."
Chapter 2, sec. 19, Vol. 1, p. 77 of the same work states this:
"In other words, if the construction or validity of a statute or ordinance is drawn into question, the courts will not entertain an action based thereon, seeking a determination as to either the construction or validity thereof, where there is no controversy as to the violation of such statute or ordinance. In these circumstances, there is no justiciable controversy."
There is a total lack of evidence in the stipulations that appellant labor union *330 represents any supervisor who may be affected by the regulation complained of by appellant. No employee of the City of Lubbock, supervisory or other, has joined in this suit seeking declaratory relief. Further, there is no evidence that any action has been taken by the City of Lubbock to restrain or interfere with any organizational activity of appellant union. Appellant in effect seeks to have this court declare various "rights" under a situation in which there is no proof that any "right" has been affected. It should be noted that the regulation itself is not self-executing in the sense that it automatically sets up a penalty for any action taken in disregard of such regulation. Section 2 of the Uniform Declaratory Judgments Act clearly states that any question of construction or validity thereof is to declare rights, status, or other legal relations arising under such statutes. No use has been made of the regulation here by either party to this action; thus, it cannot be said that any rights, status, or other legal relations have been affected by the regulation. Orange Independent School District v. West Orange Independent School District, 390 S.W.2d 81 (Tex.Civ.App.Beaumont 1965, writ ref'd n. r. e.); Beverly v. The City of Dallas, 292 S.W.2d 172 (Tex.Civ.App.El Paso 1956, writ ref'd n. r. e.).
We are thus called upon in this case to decide the validity of the regulation if a supervisor should join appellant union and if the City should take some action against him. As previously indicated, there are no allegations or proof of any violation of the regulation in question here. There are also no allegations or proof of the initiation of any action of a disciplinary nature against any employee of the City of Lubbock pursuant to Sec. 8.01. While the appellant contends that it does not wish to involve in union activities any supervisory personnel whose position may be jeopardized by the regulation, the court does not have the power to advance an opinion, which, upon this hypothetical state of facts, would be advisory only. United Public Workers v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1946); Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641 (1933); Firemen's Insurance Company of Newark, New Jersey v. Burch, 442 S.W.2d 331 (Sup.Ct.1968). As noted by our Supreme Court in California Products, Inc. v. Puretex Lemon Juice, Inc., supra, "(t)he Uniform Declaratory Judgments Act does not license litigants to fish in judicial ponds for legal advice."
We, therefore, overrule appellant's two points of error and hold that under the present facts of this case there exists no justiciable controversy upon which a decision can be rendered.
The judgment of the trial court is affirmed.
NOTES
[1] "Sec. 2. Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a Statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, Statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."
[2] "Sec. 4. It is declared to be the public policy of the State of Texas that no person shall be denied public employment by reason of membership or nonmembership in a labor organization."