**SUB–SURFACE CONSTRUCTION COMPANY et al., Appellants,**

v.

**BRYANT–CURINGTON, INC., et al., Appellees.**

**No. 12356.**

Court of Civil Appeals of Texas, Austin.

Feb. 4, 1976.

Rehearing Denied March 3, 1976.

Charlie D. Dye, Scott R. Kidd, Brown, Maroney, Rose, Baker & Barber, Austin, for appellants.

Douglass D. Hearne, Stayton, Maloney, Hearne & Babb, Austin, for Bryant-Curington, Inc.

Leonard L. Gorin, Clark, Fisher, Gorin, McDonald & Ragland, Waco, for Aqua Water Supply Corp.

SHANNON, Justice.

This is an appeal from the judgment of the district court of Travis County dismissing a declaratory judgment action for want of jurisdiction.

Appellant, Sub-Surface Construction Company, filed a declaratory judgment action in the district court of Travis County against appellee Aqua Water Supply Corporation and appellee Bryant-Curington, Inc. Appellant, Robintech, Incorporated, filed a petition in intervention. Appellee Bryant-Curington, Inc., responded to the suit by filing a plea to the jurisdiction. Appellee Aqua Water Supply Corporation filed a plea of privilege to be sued in the county of its residence, Bastrop County. In addition, Aqua Water Supply Corporation asserted in its answer that the district court had no jurisdiction or authority to enter an order granting the relief appellants sought.

In this opinion Sub-Surface Construction, Inc., and Robintech, Inc., will be referred to as "Sub-Surface" or "appellant" and "Robintech." Appellees Bryant-Curington, Inc., and Aqua Water Supply Corporation will be labeled "Bryant-Curington" and "Aqua Water."

After the hearing the court entered judgment sustaining the plea to the jurisdiction and dismissing appellants' declaratory judgment action. We will affirm that judgment.

In 1970, appellant Sub-Surface entered into a written contract with appellee Aqua Water to construct a water supply and distribution system which was to be located in Bastrop and Travis Counties. The plans and specifications for the system were prepared by appellee, Bryant-Curington. Appellant Robintech was not a party to the contract, but it did supply pipe for use in the system as well as the glue used in cementing together the joints of the pipe.

The contract provided that upon completion and acceptance of the work, the engineer would issue a certificate of completion and acceptance. Sub-Surface undertook the construction of the water system, and Aqua Water made payments to it less retainage.

In its trial petition Sub-Surface claimed that it had substantially complied with the contract to construct the water system according to the plans and specifications, and that it had also performed maintenance work on the system in accordance with the contract. Pursuant to the contract Sub-Surface called for a final inspection of the work, but Bryant-Curington refused to issue its certificate that the work had been completed and further refused to inform appellant in what respect the work was incomplete. Sub-Surface claimed that Aqua Water Supply ratified the refusal of Bryant-Curington to issue the certificate of completion, and, as a result, both appellees were in breach of the contract in that respect.

Sub-Surface declared further that Aqua Water, outside of the procedures called for in the contract, made demand upon it to perform many items of work in the system, and that it had complied with those demands. Sub-Surface also alleged that Bryant-Curington prepared the specifications for the water system knowing that contractors would submit bids for the construction of the system based upon its specifications and based upon the belief that the specifications were satisfactory to the owner. Sub-Surface maintained that its work on the system was in accordance with the specifications prepared by Bryant-Curington. The failure of the system to function, pleaded Sub-Surface, was due to the negligence of Bryant-Curington in the formulation of the design of the water system. Sub-Surface then pleaded that Bryant-Curington was liable to Aqua Water for any damages sustained by Aqua Water, and ". . . in the unlikely event that plaintiff [Sub-Surface] has any remote liability to defendant, Aqua Water Supply Corporation, then defendant, Bryant-Curington, Inc., is liable in a like sum to plaintiff [Sub-Surface] by way of indemnity, or in the alternative, plaintiff seeks contribution from defendant, Bryant-Curington, Inc."

Finally in its prayer for relief, appellant prayed that the court ". . . declare the rights, duties and obligations of the parties, including a declaration that plain-

tiff [Sub-Surface] is not liable to defendant, Aqua Water Supply Corporation, or, in the alternative, that judgment be entered for defendant Aqua Water Supply Corporation, for such damages as the court may find and in favor of plaintiff for indemnity or contribution against defendant, Bryant-Curington, Inc. . . ."

In its trial pleading Robintech alleged that it manufactured and supplied the pipe used by Sub-Surface in the water system, and that such pipe conformed to the requirements of the plans and specifications prepared by Bryant-Curington. Robintech sought to have the court declare it had supplied pipe and materials of good and workmanlike quality in conformance with the plans and specifications. Robintech also sought a declaration that the pipe and materials were not defective and that it ". . . does not have and will not have any liability to defendants on the project in question for any reason. Or in the alternative, and in the unlikely event the court finds that [Robintech] is liable to defendant, Aqua Water Supply Corporation, for any sums, then, and in that event, [Robintech] seeks a judgment over against defendant, Bryant-Curington, Inc., for indemnity or, in the alternative, contribution for the reason that all materials supplied by [Robintech] were supplied pursuant to plans and specifications prepared by defendant, Bryant-Curington, Inc."

The evidence at the hearing showed that after the pipeline was laid as many as 1500 leaks were discovered in the line. There was testimony that the leaks were caused by glue burns that resulted from an improper application of the glue to the pipe joints. Sub-Surface maintained a crew of men on the job to repair the leaks as discovered. The testimony was that the leaks had begun at the time of the installation of the pipeline and had continued up until the time of the hearing. There was no way to know at the time of the hearing whether all of the leaks had been discovered. There was testimony that many gallons of water had been lost through the leaks in the pipe-

line. One of the expert witnesses testified that he, as an engineer, would not have certified to Aqua Water that the system, as built by Sub-Surface, had been completed in a good and workmanlike manner according to the contract, and that he would not have paid Sub-Surface.

As previously written, the judgment sustained appellees' pleas to the jurisdiction and dismissed the cause.

Appellants attack the judgment by one point of error contending that the district court ". . . erred in sustaining the appellees' pleas to the jurisdiction and thereby dismissing the case because there existed a justiciable controversy between the parties."

Texas Rev.Civ.Stat.Ann. art. 2524–1 provides in part as follows:

"Section 1. Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

"Sec. 2. Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a Statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, Statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

.     .     .     .     .

"Sec. 6. The Court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate

the uncertainty or controversy giving rise to the proceeding."

.　　.　　.　　.　　.

A justiciable controversy must exist before the trial court has jurisdiction to grant any relief, declaratory or otherwise. Stated in other terms, Article 5, § 8 of the Constitution does not empower the trial court to render advisory opinions. *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641 (1933), *California Products, Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780 (1960), *United Services Life Insurance Co. v. Delaney*, 396 S.W.2d 855 (Tex.1965), *Firemen's Ins. Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331 (Tex.1968). It follows that if a justiciable controversy exists, the trial court has jurisdiction to entertain the declaratory judgment action, and that the declaratory relief subsequently granted is not advisory. *Anderson v. McRae*, 495 S.W.2d 351 (Tex.Civ.App.1973, no writ).

To constitute a "justiciable controversy" for declaratory judgment purposes, there must be a real and substantial controversy involving a genuine conflict of tangible interest, rather than a theoretical one. *Laborers' Int. U. of N. A., Const., etc. v. Blackwell*, 482 S.W.2d 327 (Tex.Civ.App. 1972, no writ), *Phillips Petroleum Company v. Bivins*, 423 S.W.2d 340 (Tex.Civ.App.1967, writ ref'd n. r. e.), *Anderson v. McRae, supra*.

A justiciable controversy, a genuine conflict of tangible interests, existed between Sub-Surface and Aqua Water. From the pleadings and the evidence it is seen that Sub-Surface claimed to have completed the contract according to the plans and specifications and sought the certificate of completion to that effect. Aqua Water, to the contrary, maintained that Sub-Surface had not done the work under the contract and, as a result, was not entitled to the certificate of completion. It follows that the district court had jurisdiction to grant the declaratory relief sought by Sub-Surface with respect to Aqua Water.

There was no justiciable controversy between appellants and appellee Bryant-Curington. A conflict of interest between appellants and Bryant-Curington was but a possibility, premised upon their potential future liability to Aqua Water. *Firemen's Ins. Co. of Newark, New Jersey v. Burch, supra*. There being no justiciable controversy between appellants and Bryant-Curington, the district court was without jurisdiction to enter the declaratory relief sought with respect to Bryant-Curington.

Though a district court has jurisdiction to grant declaratory relief, nevertheless, the court may refuse to enter a declaratory judgment where such judgment, if entered, would not terminate the uncertainty or controversy giving rise to the proceeding. Tex.Rev.Civ.Stat.Ann. art. 2524–1, § 6. Section 6 does no more than embody the established practice in Anglo-American jurisdictions and indicates both the practical and the remedial scope and limitations of declaratory relief. Borchard, *Declaratory Judgments*, 293 (2nd Ed. 1941). In Texas, this principle is usually expressed in terms that the Declaratory Judgment Act was not intended to provide for the "piecemeal" trial of a lawsuit. *United Services Life Insurance Co. v. Delaney, supra, Harding Bros. Oil and Gas Co. v. Jim Ned Ind. Sch. Dist.*, 457 S.W.2d 102 (Tex.Civ.App.1970, no writ), *Joseph v. City of Ranger*, 188 S.W.2d 1013 (Tex.Civ.App.1945, writ ref'd w. o. m.).

In the case at bar, had the district court entered the requested declaratory judgment, that judgment would not have ended the controversy between the parties. Issues left unresolved would concern the liability for the loss of water from the time the system was put in use, the liability for final payment of the retainage, and liability for the cost of the repairs to the system.

We will affirm the judgment upon the basis that the district court had no jurisdiction to grant declaratory relief with respect to Bryant-Curington. The affirmance is also upon the basis that, although the court

had jurisdiction to grant declaratory relief with respect to the conflict between Sub-Surface and Aqua Water, the court properly refused to enter declaratory relief since that relief would not terminate the controversy between Sub-Surface and Aqua Water.

The judgment is affirmed.

Affirmed.