**STOP 'N GO MARKETS OF TEXAS, INC., Appellant,**

v.

**EXECUTIVE SECURITY SYSTEMS, INC. OF AMERICA, Appellee.**

No. 1632.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Sept. 14, 1977.

Rehearing Denied Oct. 31, 1977.

Frank G. Jones, Fulbright & Jaworski, Houston, for appellant.

John A. Berke, Jr., Berke & Associates, Houston, for appellee.

COULSON, Justice.

This is an appeal from a declaratory judgment that the appellant, Stop 'N Go Markets of Texas, Inc. (Stop 'N Go), was obligated to indemnify the appellee, Executive Security Systems, Inc., of America (Executive), for all liability the appellee incurred as a result of an action then pending against both of them. Since that judgment was an advisory opinion beyond the court's power and jurisdiction, we vacate it.

Executive provided security protection for a number of Stop 'N Go's convenience stores. On September 17, 1974, a guard furnished by Executive to Stop 'N Go store number 443 shot Eugene Fields, a customer of that store. Shortly thereafter Fields filed suit for his injuries against the guard, Executive, and Stop 'N Go. Approximately six weeks after that suit was filed, and while it was still pending, Executive instituted a separate action against Stop 'N Go seeking declaratory relief in the form of a construction of a contract allegedly entered into by Executive and Stop 'N Go. Executive sought a declaration that under the terms of that agreement Stop 'N Go was required to indemnify and save Executive harmless from all liability it might incur in the Fields case. The trial court found that as a result of the contract Executive was the agent of Stop 'N Go as to security services, that Stop 'N Go was bound to indemnify Executive, and granted an instructed verdict for Executive.

■ Under the Texas Constitution the judicial power does not include the giving of advisory opinions. E. g. United Services Life Insurance Company v. Delaney, 396 S.W.2d 855 (Tex.Sup.1965); Alamo Express v. Union City Transfer, 158 Tex. 234, 309 S.W.2d 815 (1958). Before a declaratory judgment action will lie, there must be an existing justiciable controversy between the parties. California Products, Inc. v. Purtex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960); Jones v. Young, 541 S.W.2d 200 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). A justiciable controversy does not exist and an advisory opinion is being sought if a party requests a court to render a declaratory judgment premised upon the happening of a future, hypothetical event. The possibility that liability triggering indemnity will be incurred in a pending action is a future hypothetical event within the meaning of this rule. See Firemen's Ins. Co. of Newark, New Jersey v. Burch, 442 S.W.2d 331 (Tex.Sup.1968); Sub-Surface Const. Co. v. Bryant-Curington, Inc., 533 S.W.2d 452 (Tex.Civ.App.—Austin 1976, writ ref'd n. r. e.). Here, the "controversy" between Executive and Stop 'N Go as to indemnity hinges on a finding in the Fields case that Executive is liable for the guard's action. That initial liability, crucial to the existence of the requisite controversy, is, however, speculative, and in asking the court to construe its contract with Stop 'N Go, Executive was asking for an advisory opinion.

■ The fact that the indemnity issue may eventually have to be litigated is immaterial. The proper vehicle for determining that matter is a cross-claim by Executive against Stop 'N Go in the Fields case under Tex.R.Civ.P. 97(e), or if Fields is successful against Executive in that suit, then by a separate suit by Executive against Stop 'N Go. Such an approach upholds the principle that the Declaratory Judgment Act was not intended to provide for the "piecemeal" trial of lawsuits, United Services Life Insurance Company v. Delaney, 396 S.W.2d 855 (Tex.Sup.1965), and the rule that a declaratory judgment is not proper if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action. Texas Liquor Control Bd. v. Canyon Creek Land Corp., 456 S.W.2d 891 (Tex.Sup.1970); Furr v. Hall, 553 S.W.2d 666 (Tex.Civ.App.—Amarillo 1977, no writ).

The judgment of the trial court is vacated.

CIRE, J., not participating.