TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00317-CV







St. Paul Fire and Marine Insurance Company, Appellant



v.



Texas Workers' Compensation Commission; Subsequent Injury Fund; Phillip Williams;


 Martha Oviedo; and Todd K. Brown, in his Official Capacity as Executive Director


of the Texas Workers' Compensation Commission, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 94-15855, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







 This case involves St. Paul Fire and Marine Insurance Company's ("St. Paul's") challenge
to the constitutionality of the immediate payment and reimbursement scheme of the Texas Workers'
Compensation Act. See Tex. Lab. Code Ann. §§ 409.023(a), 410.032, 410.169, & 410.205 (West
1996). Because the cause does not present a justiciable controversy, we will vacate the trial court's
judgment and dismiss the cause without reaching St. Paul's seven points of error.


BACKGROUND

 This dispute arises out of two alleged workplace injuries. Martha Oviedo and Phillip
Williams alleged they suffered injuries while working and, in separate proceedings, made claims for
workers' compensation benefits. The employers' insurance company, St. Paul, disputed the validity of
Oviedo's and Williams' claims.

 The Texas Labor Code provides the process by which disputes over injured employees'
claims are resolved. See Tex. Lab. Code Ann. §§ 410.001-.308 (West 1996) (the "Code"). The Code
provides a four-tiered system of dispute resolution, the first step of which is a benefit review conference
("BRC") conducted by a benefit review officer. (1) See §§ 410.021, 022. The purpose of a BRC is to: (1)
ensure that the parties to a dispute understand their rights and the procedures applicable to the enforcement
of their rights, (2) delineate disputed issues, and (3) resolve disputes when possible. § 410.021. If any
issues remain unresolved, a benefit review officer may issue an interlocutory, binding order requiring an
insurance company to pay benefits to an injured worker pending further proceedings. § 410.032(a).

 Parties dissatisfied with the result of a BRC may proceed to the second step of the scheme,
a contested-case hearing before a hearing officer. (2) See §§ 410.151, .152. In a contested-case
proceeding, parties conduct limited discovery and present evidence in an attempt to resolve remaining
issues. See §§ 410.158-.166. After a contested-case hearing, the hearing officer decides whether benefits
are due, and if so, the amount of benefits due. § 410.168. The hearing officer's decision is final unless a
party appeals, and the decision is binding during the pendency of any appeal. § 410.169.

 If a party to a contested case decides to appeal the hearing officer's decision, it avails itself
of the third step in the process, review by the appeals panel. See §§ 410.202, .203. An appeals panel
resolves the appealed issues and renders a decision. § 410.204. An appeals panel decision is final unless
a party timely appeals for judicial review in district court, the fourth step in the administrative scheme. §
410.205(a), (b). An appeals panel decision is binding during the pendency of any appeal for judicial
review. Id. The Workers' Compensation Commission may impose administrative penalties upon any party
that fails to comply with an order to pay benefits. See §§ 415.002(17), .021(a) (West 1996).

 A party wrongfully ordered to pay benefits may be reimbursed under limited circumstances. 
Specifically, a party ordered to pay by a benefit review officer may seek reimbursement of funds paid in
accordance with that order if the order is subsequently modified or reversed. § 410.032(b). Similarly, a
party ordered to pay by an appeals panel may seek reimbursement of funds paid in accordance with the
panel's order if the order is subsequently modified or reversed. § 410.205(c). However, the Code makes
no provision for reimbursement of funds paid pursuant to a hearing officer's contested-case decision that
is reversed or modified. St. Paul complains primarily of this omission from the Code.

 Both Ovieda's and Williams' claims were presented at BRC's; neither was resolved at that
level. Both were subsequently presented at contested-case hearings. The hearing officers in those
proceedings ordered St. Paul to pay benefits to both employees. Before paying benefits to either Ovieda
or Williams and before bringing either matter before the appeals panel, St. Paul instituted this action in
district court and consolidated the two matters.

 St. Paul sued the Texas Workers' Compensation Commission, Subsequent Injury Fund,
the Executive Director of the Commission, Oviedo, and Williams (collectively "TWCC"), complaining that
the omission of a provision for reimbursement of funds awarded in a contested case violates the due
process, open courts, takings, separation of powers, and right to jury trial provisions of the Texas
Constitution. See Tex. Const. art. I, §§ 13, 15, 17, 19 & art. II, § 1. St. Paul also asserted its claims
under the Fourteenth Amendment to the United States Constitution. See U.S. Const. amend. XIV. St.
Paul sought a declaration that the Code is unconstitutional and sought to enjoin TWCC from enforcing
certain provisions of the Code. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1986); § 65.011
(West 1986). The trial court denied St. Paul's requests.

 St. Paul appeals by seven points of error. The first five points relate to the court's ruling
on the merits of the constitutional challenges. The sixth point of error challenges the court's denial of the
declaratory and injunctive relief St. Paul sought. Finally, St. Paul challenges in its seventh point of error the
trial court's failure to sustain St. Paul's objection to an exhibit offered by TWCC. 


DISCUSSION

 We may address defects in subject matter jurisdiction for the first time on appeal on our
own motion. Texas Ass'n of Business v. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993). We hold
the trial court did not have subject-matter jurisdiction over this case because St. Paul did not establish that
it would suffer imminent harm upon application of the challenged statute. Code § 410.169. The record
does not reveal that the contested case hearing officers' decisions were ever modified or reversed. It
contains no indication that St. Paul is even likely to obtain a modification or reversal of the decisions. 
Modification or reversal of the decisions is a prerequisite to the reimbursement to which St. Paul argues
it is entitled. Cf. Code § 410.032(b), .205(c). Because St. Paul asks us to interpret the law as applied
to hypothetical, contingent facts, St. Paul effectively asks us to render an advisory opinion. We are
forbidden to issue advisory opinions ruling on hypothetical, contingent situations. See Texas Ass'n of
Business, 852 S.W.2d at 444.

 The fact that St. Paul seeks a declaratory judgment does not dictate a different result. See
Tex. Civ. Prac. & Rem. Code Ann. § 37.004 ("Uniform Declaratory Judgment Act" or "UDJA"). A
plaintiff seeking a declaratory judgment must at least show injury is imminent and inevitable. See id. One
seeking a declaration of the validity or invalidity of a statute must at the very least establish that the statute
has been used or violated by one of the parties. E.g., Laborers' Int'l Union of North Am. v. Blackwell,
482 S.W.2d 327, 330 (Tex. Civ. App.--Amarillo 1972, no writ). As explained above, St. Paul has not
established that TWCC is wrongfully depriving it of anything or that St. Paul will ever be entitled to
reimbursement at all. St. Paul's intimation that the contested-case decisions might be reversed or modified
in the future is not enough to support an action under the UDJA. Cf. Stop N Go Markets, Etc. v.
Executive Sec. Sys., 556 S.W.2d 836, 837 (Tex. Civ. App.--Houston [14th Dist.] 1977, no writ)
(declaratory judgment premised upon a future determination of liability will not lie); see Texas Workers'
Compensation Comm'n v. Garcia, 893 S.W.2d 504, 519 (Tex. 1995) (claims based on speculative
future action by commission will not support UDJA action).

 Neither has St. Paul pled an action justiciable under the injunction statute. See Tex. Civ.
Prac. & Rem. Code § 65.011 ("injunction statute"). It is true that mere threatened injury may suffice to
support a claim for injunction. See State of Texas v. Southwestern Bell Tel. Co., 526 S.W.2d 526, 528
(Tex. 1975). However, conjectural or speculative events will not support such a claim. See Camarena
v. Texas Employment Comm'n, 754 S.W.2d 149, 151 (Tex. 1988). Because we conclude the issues
St. Paul presents are premised upon a speculative future determination of non-liability, we hold they are
not justiciable under either the injunction statute or the UDJA. We have jurisdiction only to vacate the trial
court's judgment and dismiss the cause. See, e.g., Dallas County Appraisal Dist. v. Funds Recovery,
Inc., 887 S.W.2d 465, 471 (Tex. App.--Dallas 1994, writ denied).


CONCLUSION

 Having concluded that this case presents no justiciable controversy, we vacate the trial
court's judgment and dismiss the cause.



 _____________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B.A. Smith

Judgment Vacated and Cause Dismissed

Filed: May 15, 1997

Publish

1. A party may waive the BRC under certain circumstances. See § 410.024.
2. Parties may elect to arbitrate their claims in lieu of other post-BRC procedures. See § 410.104.


ion that the Code is unconstitutional and sought to enjoin TWCC from enforcing
certain provisions of the Code. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1986); § 65.011
(West 1986). The trial court denied St. Paul's requests.

 St. Paul appeals by seven points of error. The first five points relate to the court's ruling
on the merits of the constitutional challenges. The sixth point of error challenges the court's denial of the
declaratory and injunctive relief St. Paul sought. Finally, St. Paul challenges in its seventh point of error the
trial court's failure to sustain St. Paul's objection to an exhibit offered by TWCC. 


DISCUSSION

 We may address defects in subject matter jurisdiction for the first time on appeal on our
own motion. Texas Ass'n of Business v. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993). We hold
the trial court did not have subject-matter jurisdiction over this case because St. Paul did not establish that
it would suffer imminent harm upon application of the challenged statute. Code § 410.169. The record
does not reveal that the contested case hearing officers' decisions were ever modified or reversed. It
contains no indication that St. Paul is even likely to obtain a modification or reversal of the decisions. 
Modification or reversal of the decisions is a prerequisite to the reimbursement to which St. Paul argues
it is entitled. Cf. Code § 410.032(b), .205(c). Because St. Paul asks us to interpret the law as applied
to hypothetical, contingent facts, St. Paul effectively asks us to render an advisory opinion. We are
forbidden to issue advisory opinions ruling on hypothetical, contingent situations. See Texas Ass'n of
Business, 852 S.W.2d at 444.

 The fact that St. Paul seeks a declaratory judgment does not dictate a different result. See
Tex. Civ. Prac. & Rem. Code Ann. § 37.004 ("Uniform Declaratory Judgment Act" or "UDJA"). A
plaintiff seeking a declaratory judgment must at least show injury is imminent and inevitable. See id. One
seeking a declaration of the validity or invalidity of a statute must at the very least establish that the statute
has been used or violated by one of the parties. E.g., Laborers' Int'l Union of North Am. v. Blackwell,
482 S.W.2d 327, 330 (Tex. Civ. App.--Amarillo 1972, no writ). As explained above, St. Paul has not
established that TWCC is wrongfully depriving it of anything or that St. Paul will ever be entitled to
reimbursement at all. St. Paul's intimation that the contested-case decisions might be reversed or modified
in the future is not enough to support an action under the UDJA. Cf. Stop N Go Markets, Etc. v.
Executive Sec. Sys., 556 S.W.2d 836, 837 (Tex. Civ. App.--Houston [14th Dist.] 1977, no writ)
(declaratory judgment premised upon a future determination of liability will not lie); see Texas Workers'
Compensation Comm'n v. Garcia, 893 S.W.2d 504, 519 (Tex. 1995) (claims based on speculative
future action by commission will not support UDJA