ACCEPTED
06-15-00062-cv
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/15/2015 10:55:06 AM
DEBBIE AUTREY
CLERK

No. 06-15-00062-CV

_____

**IN THE COURT OF APPEALS**
**SIXTH JUDICIAL DISTRICT**
**TEXARKANA, TEXAS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/15/2015 10:55:06 AM
DEBBIE AUTREY
Clerk

_____

*ALLEN "F" CALTON,*
**Appellant**

**v.**

*STEVE SCHILLLER, SHARON KELLER,*
*TERRIE LIVINGSTON, LOUIS STURNS, JOHN CAYSE, BOB GILL,*
**Appellees**

_____

**On Appeal from the 67th District Court, Tarrant County, Texas**
**Judge Donald J. Cosby Presiding**
**Cause No. 153-270690-14**

_____

**BRIEF OF APPELLEES'**
**SHARON KELLER, TERRY LIVINGSTON, JOHN CAYSE,**
**BOB GILL AND LOUIS STURNS' BRIEF**

_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

DEMETRI ANASTASIADIS*
Assistant Attorney General
State Bar No. 01164480
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 936-2109 Fax

**ATTORNEYS FOR DEFENDANTS-APPELLANTS**
***Attorney of Record**
**Oral Argument Requested**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT *Pro se*:              Allen F. Calton, TDCJ No. 1123880

APPELLEES:                  Steve Schiller, Sharon Keller, Terrie Livingston, Louis Sturns

ATTORNEYS FOR APPELLEES:  Demetri Anastasiadis
Assistant Attorney General
Office of the Attorney General of Texas
Attorney for Sharon Keller, Terrie Livingston, Louis Sturns, Bob Gill and John Cayce

Christopher Ponder
Tarrant County Assistant District Attorney
401 Belknap Street
Fort Worth, Texas 76196
Attorney for Steve Schiller

**TABLE OF CONTENTS**

**Page**

Identity of Parties.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv, v, vi

Statutes, Rules and Codes. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

I.      Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.      Appellee Judges' Response to Appellant's Issue No. 5: The trial court did not abuse its discretion by denying leave to file appellant's Ninth Amended Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B.      Appellee Judges' Response to Appellant's issues No. 4 and 6: The trial court correctly granted Appellee Judges' Motion to Dismiss. . . . . . . . . . . . . . . . 3

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Notice of Electronic Filing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

**Case**                                                       **Page**

*Adams v. McIlhany,*
593 F. Supp. 1025, 1032 (N.D. Tex. 1984). . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bonham State Bank v. Beadle,*
907 S.W.2d 465, 467 (Tex. 1995).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*City of Los Angeles v. Lyons*,
461 U.S. 95, 112-113 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cozzo v. Tangipahoa Parish Council–President Gov't,*
279 F.3d 273, 280 (5th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Dallas County v. Halsey,*
87 S.W.3d 553, 554 (Tex. 2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Delk v. Lehmberg,*
No. 03–12–00678–CV, 2014 WL 1910314, at *3
(Tex. App.–Austin May 9, 2014, no pet.).. . . . . . . . . . . . . . . . . . . . . . . . . 12

*Di Portanova v. Monroe*,
229 S.W.3d 324, 330 (Tex. App.-Houston [1ˢᵗ Dist.] 2006, pet. den.).. . . . . 8

*Forrester v. White,*
484 U.S. 219 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Heck v. Humphrey,*
512 U.S. 477 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In accord are Operation Rescue v. Planned Parenthood*,
937 S.W.2d 60, 71-72 (Tex. App. – Houston [14ᵗʰ Dist.] 1996),
aff'd as modified, 975 S.W.2d 546 (Tex. 1998). . . . . . . . . . . . . . . . . . . . . . 9

*Koch v. Booth*,
273 S.W.3d 451 (Tex. App. – Austin 2008, pet. den.). . . . . . . . . . . . . . . . . 10

*Lujan v. Defenders of Wildlife*,
      504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). . . . . . . . . . . 8

*McCarthy ex rel. Travis v. Hawkins*,
      381 F.3d 407, 412, reh'g denied, 391 F.3d 676; (5th Cir. 2004). . . . . . . . . 8

*Mireles v. Waco,*
      502 U.S. 9 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Okpalobi v. Foster*,
      244 F.3d 405, 421, 423, 425-426 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . 5, 8

*Operation Rescue v. Planned Parenthood,*
      937 S.W.2d 60, 71-72 (Tex. App. – Houston [14[th] Dist.] 1996),
      aff'd as modified, 975 S.W.2d 546 (Tex. 1998). . . . . . . . . . . . . . . . . . . . . . . . 9

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
      506 U.S. at 146, 113 S.Ct. at 689 (1993). . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pulliam v. Allen,*
      466 U.S. 522, 542-544 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 10

*Roy v. Shannon,*
      No. 02–13–00238–CV, 2014WL 4105271, at *3
      (Tex.App.–Fort Worth August 21, 2014, no pet.). . . . . . . . . . . . . . . . . . . 12

*Smith v. District Attorney Office for Wood  Cnty.*,
      No. 03–13–00220–CV, 2014 WL 5420536, at *2–3
      (Tex. App.–Austin Oct. 24, 2014, pet. denied). . . . . . . . . . . . . . . . . . . . . 11

*Smith v. 241st Dist. Ct. of Smith Cnty.*,
      No. 03-13-00719-CV, 2015 WL 1611703 *2-3
      (Tex. App. - Austin Apr. 9, 2015, no pet.). . . . . . . . . . . . . . . . . . . . . . . . 11

*St. Paul Fire & Mar. Ins. Co. v. Texas Workers' Comp. Comm'n*.
      945 S.W.2d 886, 888-89 (Tex. App. – Austin 1997, no writ). . . . . . . . . . . . . 9

*Stump v. Sparkman,*
      435 U.S. 349, 356-57 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Texas Ass'n of Business v. Texas Air Control Board*,
852 S.W.2d 440, 444 (Tex. 1993).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Texas DPS v. Moore*,
985 S.W.2d 149, 153 (Tex. App. – Austin 1998, no pet.). . . . . . . . . . . . . 8

*Town of Palm Valley v. Johson*,
87 S.W.3d 110, 111 (Tex. 2001).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Twilligear v. Carrell,*
148 S.W.3d 502, 504
(Tex. App.—Houston [14th Dist. 2004, pet. denied). . . . . . . . . . . . . . . . 5, 7

*TNRCC v. IT-Davy*,
74 S.W.3d 849, 855 (Tex. 2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Vargas v. Texas Dept. of Criminal Justice,*
2012 WL 5974078 *3 (Tex. App.-Austin,2012, no pet.). . . . . . . . . . . . . . . 6

**Statutes, Rules and Codes**

Article III, Eleventh Amendment, U.S. Constitution. . . . . . . . . . . . . . . . . . . . . . . . 8

42 U.S.C. 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. Civ. Prac. & Rem. Code Ch. 14. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. Civ. Prac. & Rem. Code Ch. 37. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tex. Civ. Prac. & Rem. Code 37.003. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Tex. Civ. Prac. & Rem. Code 65.011. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Tex. R. App. P. 38.1(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

_____

**IN THE COURT OF APPEALS**
**SIXTH JUDICIAL DISTRICT**
**TEXARKANA, TEXAS**

_____

*ALLEN "F" CALTON,*
**Appellant**

**v.**

*STEVE SCHILLLER, SHARON KELLER,*
*TERRIE LIVINGSTON, LOUIS STURNS, JOHN CAYSE, BOB GILL,*
**Appellees**

_____

**BRIEF OF APPELLEES'**
**SHARON KELLER, TERRY LIVINGSTON, JOHN CAYSE,**
**BOB GILL AND LOUIS STURNS' BRIEF**

_____

TO THE HONORABLE JUSTICES OF THE SIXTH COURT OF APPEALS:

Appellee Judges Sharon Keller, Terrie Livingston, John Cayce, Bob Gill and Louis Sturns file this brief in support of the District Court's dismissal of the suit brought against them for actions taken in their official capacity as judicial officers of the State of Texas.

## I.  Statement of the Case

Appellant Calton sued Judges Sharon Keller, Terrie Livingston, John Cayce, Bob Gill and Louis Sturns for injunctive relief under 42 U.S.C. 1983.  The District Court granted their Motion to Dismiss the suit against them filed on the basis of

judicial and sovereign immunity and lack of jurisdiction. Calton appeals the decision of the district court.

## II.    Statement of Facts

Sharon Keller is the Presiding Judge of the Court of Criminal Appeals. Terrie Livingston is the Chief Justice of the Second Court of Appeals. John Cayce is a former justice on that court.  Louis Sturns is the Presiding Judge of the 213th District Court.  Bob Gill is a former district court judge.  Defendant Judges are sued in their official capacity (CR. 197).  On May 20, 2014, Calton was convicted of a attempted murder and sentenced to life imprisonment by the 213th District Court of Tarrant County. (CR. 17-18).  The Second District Court of Appeals, Ft. Worth, Texas affirmed his conviction in 2005 (CR. 17-18). He asserted in his Petition that Defendant/Appellee Court Reporter Steve Schiller failed to provide him with a complete appellate record compromising his right to due process and ability to effectively challenge his conviction on appeal (CR. 199).[1]

Calton 's suit against the Judges are for acts taken by them while disposing of a case in which Plaintiff was a criminal defendant and appellant.  The Judges moved to dismiss the claims against them on the basis of judicial and sovereign immunity which was granted by the District Court on May 21, 2014 (CR. 40).

---

[1]     The district court granted co-appellee Steve Schiller's Chapter 14 Tex. Civ. Prac. & Rem. Code Motion to Dismiss on June 1, 2015 (CR. 450).

**A.** **Appellee Judges' Response to Appellant's Issue No. 5:**
**The trial court did not abuse its discretion by denying leave to file**
**appellant's Ninth Amended Complaint.**

Appellant's brief at page 45 claims that he tendered his 9th Amended Complaint

for filing on May 21, 2015, a year after the district court dismissed his suit against the

Judges. He argues that this was error as to co-defendant/appellee Schiller but does

not argue that it was error as to the Appellee Judges and provides no authority

supporting an argument that it is an abuse of discretion for a trial court to deny leave

to amend, filed one year after the Court dismissed the defendants from the suit.

Appellant's brief does not explain how the 9th Amended Complaint stated a

claim against appellee Judges or defeats their judicial immunity. Arguments not

raised or briefed are deemed waived. *In re Estate of Curtis, Deceased,* 465 S.W.3d

357, 379 (Tex.App.—Texarkana 2015, pet. dism'd). ("The Texas Rules of Appellate

Procedure require an appellant to provide 'a clear and concise argument for the

contentions made, with appropriate citations to authorities and to the record.' See

Tex. R. App. P. 38.1(i). 'Bare assertions of error, without argument or authority,

waive error.'").

**B.** **Appellee Judges' Response to Appellant's issues No. 4 and 6:**
**The trial court correctly granted Appellee Judges' Motion to Dismiss.**

Appellant's brief at page 49 argues that "Judicial immunity is not a bar to

prospective injunctive relief against a judicial officer..." citing *Pulliam v. Allen,* 466

U.S. 522, 542-544 (1984).

The only relief that appears to have been sought against appellees Sharon Keller, the Presiding Judge of the Court of Criminal Appeals, Terrie Livingston, the Chief Justice of the Second Court of Appeals, John Cayce, a former justice on that court, Louis Sturns, the Presiding Judge of the 213th District Court and Bob Gill, a former district court judge is in the Eighth Amended Complaint, CR. 268-269:

### IX Prayer For Relief

...

(2)    Enter an injunction that order the Plaintiff to to receive the out-of time-Appeal in accordance with the Tex. R. App. P. that were in place at the time time (*sic*) Plaintiffs initial Appeal in 2004 and 2005 (*sic*) It should be further ordered that the out-of-Time-Appeal should comport to the demands of the 14th Amendment.

...

(5)    order such Additional relief, both general and special, legal and equitable, to which Calton may justly be entitled to including but not limited to crafting the equitable Injunctive and/or Injunction orders that will afford Calton to receive the complete and sufficient Record on Appeal.  Plaintiff is to be provided at state expense. And the appointment of counsel on Appeal and the court ordered subsequent out-of time-Appeal to utilize said record of sufficient completeness.

Neither former Second Court of Appeals Justice John Cayce nor Bob Gill, a former district court judge currently serve on the respective courts.  An order enjoining them to require the items specified in the Eighth Amended Complaint

4

would be ineffectual as they are no longer in an official position so as to be able to implement any of the orders sought by Calton. They may be dismissed form this suit on this ground alone. *Okpalobi v. Foster*, 244 F.3d 405, 421, 423 (5th Cir. 2001).

Texas law holds that "judges acting in their official judicial capacity have immunity from liability and suit for judicial acts performed within the scope of their jurisdiction." *Twilligear v. Carrell,* 148 S.W.3d 502, 504 (Tex. App.—Houston [14th Dist. 2004, pet. denied), *citing*, *Dallas County v. Halsey,* 87 S.W.3d 553, 554 (Tex. 2002). "This immunity extends to actions that are done in error, maliciously, and even in excess of the judge's authority." *Id., citing, Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). The immunity is overcome "only for actions that are: (1) non-judicial, *i.e.,* not taken in the judge's official capacity; or (2) taken in the complete absence of all jurisdiction." *Id, citing, Mireles v. Waco,* 502 U.S. 9 (1991). "Whether an act is judicial (or non-judicial) for this purpose is determined by the nature of the act, *i.e.,* whether it is a function normally performed by a judge, as contrasted from other administrative, legislative, or executive acts that simply happen to be done by judges." *Id., citing, Forrester v. White,* 484 U.S. 219 (1988). Under Texas law, "judicial acts include those performed by judges in adjudicating, or otherwise exercising their judicial authority over, proceedings pending in their courts." *Id., citing, Mireles,* 502 U.S. at 13.

In the Eighth Amended Complaint, Calton sued these judicial officers based on actions/omissions allegedly taken by the judges or their court in Plaintiff's underlying criminal case-a collateral attack on prior judicial rulings.   A suit challenging a criminal conviction may not be brought until and unless that conviction has been set aside.[2]

While "judicial immunity is not a bar to *prospective injunctive* relief against a judicial officer acting in a judicial capacity or to attorney's fees, for obtaining such relief," *Twillinger,* 148 S.W. 3d at 502, 504, f.n. 8, (Tex. App.-Houston [14th Dist.] 2004, pet. denied) *citing, Pulliam v. Allen,* 466 U.S. 522, 542-44 (1984)(emphasis original),  injunctions may not be issued by a district court in the role of a super appellate court adjudicating the legality of decisions of the Court of Appeals, the Court of Criminal Appeals or another district judge.  The District Court did not have authority to sit as an appellate court in the underlying action, to waive or alter appellate time tables, appoint Calton appellate counsel, order the disregard of the Texas Rules of Appellate Procedure or in any other way second guess, review or alter decisions made by the Court of Appeals, Court of Criminal Appeals or another

---

[2]

> *Heck v. Humphrey,* 512 U.S. 477 (1994). (civil rights claim that implies the invalidity of his conviction must show it has been reversed, expunged or otherwise invalidated.); *Vargas v. Texas Dept. of Criminal Justice,* 2012 WL 5974078 *3 (Tex. App.-Austin,2012, no  pet.) (An inmate cannot bring a civil action for damages that challenge the lawfulness of his conviction or confinement.)

district judge. Moreover, the relief requested by the Eighth Amended Complaint cannot be afforded by Judge Keller or Justice Livingston, neither of which can issue decisions individually without a majority of the fellow judicial officers also joining in any decisions.

The Texas Supreme Court has made it clear that "a declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex. 1995). There was no justiciable controversy in this case because the district court lacked jurisdiction to order appellate and district court judges to suspend appellate deadlines, vacate their prior rulings, appoint Calton an attorney, suspend the Texas Rules of Appellate Procedure or order judicial officers to perform their duties in conformance with the directives of a district judge. The Eighth Amended Complaint failed to establish a case or controversy sufficient to give the district court jurisdiction over other district and appellate court judges acting in their official capacity. Without the redress ability elements of standing, a district court's ruling would be an advisory opinion barred by federal law, the Eleventh Amendment, Article III, U.S. Constitution and Texas law. *City of Los Angeles v. Lyons,* 461 U.S. 95, 112-113 (1983);" *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. at 146, 113 S.Ct. at 689 (1993);

7

*Okpalobi*, 244 F.3d at 425-426, *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412, reh'g denied, 391 F.3d 676; (5th Cir. 2004) (citing *Cozzo v. Tangipahoa Parish Council–President Gov't,* 279 F.3d 273, 280 (5th Cir. 2002).

Texas law, which tracks federal law on this issue holds that an allegation of past misconduct alone is not a substitute for the existence of a justiciable controversy nor does it authorize a state court to issue an advisory opinion. *Di Portanova v. Monroe*, 229 S.W.3d 324, 330 (Tex. App.-Houston [1ˢᵗ Dist.] 2006, pet. den.) (If a justiciable controversy does not exist, the trial court must dismiss the case for lack of subject-matter jurisdiction.); *Texas DPS v. Moore*, 985 S.W.2d 149, 153 (Tex. App.– Austin 1998, no pet.) ("A justiciable controversy must be distinguished from an advisory opinion, which is prohibited under both the Texas and federal constitutions. A judgment under the UDJA [Ch. 37 TEX. CIV. PRAC. & REM. CODE. Declaratory Judgments] depends on a finding that the issues are not hypothetical or contingent, and the questions presented must resolve an actual controversy."). The absence in a statute of the express prerequisites of equitable relief does not negate such requirements. *Town of Palm Valley v. Johnson*, 87 S.W.3d 110, 111 (Tex. 2001) ("Although...65.011(1) [TEX. CIV. PRAC. & REM. CODE - Injunction] does not expressly make the lack of an adequate legal remedy a prerequisite for injunctive

8

relief, this requirement of equity continues. The statute does not permit injunctive relief without the showing of irreparable harm otherwise required by equity."). Conjectural or speculative events will not support a claim for injunctive relief as such claim is not justiciable under either Texas injunction statutes or the Uniform Declaratory Judgment Act [65.011, 37.003 TEX. CIV. PRAC. & REM. CODE.]. *St. Paul Fire & Mar. Ins. Co. v. Texas Workers' Comp. Comm'n*. 945 S.W.2d 886, 888-89 (Tex. App. – Austin 1997, no writ).

To be entitled to injunctive relief, plaintiffs "...must show that harm is imminent. They must also establish that this imminent harm will be irreparable if the injunction is not issued." *Operation Rescue v. Planned Parenthood*, 937 S.W.2d 60, 71-72 (Tex. App. – Houston [14th Dist.] 1996), aff'd as modified, 975 S.W.2d 546 (Tex. 1998). "The UDJA [Ch. 37 TEX. CIV. PRAC. & REM. CODE.] is 'merely a procedural device for deciding cases already within the court's jurisdiction.' *Texas Ass'n of Business v. Texas Air Control Board*, 852 S.W.2d 440, 444 (Tex. 1993). The UDJA does not extend a court's jurisdiction, and a litigant's request for declaratory relief does not alter a suit's underlying nature." *Koch v. Booth*, 273 S.W.3d 451 (Tex. App. – Austin 2008, pet. den.) citing *TNRCC v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The Complaint makes no allegation sufficient to support equitable relief under Texas law.

9

The United States Supreme Court has made it clear that there are limitations on the availability of equitable relief against a judge in his official capacity:

> The limitations already imposed by the requirements for obtaining equitable relief against any defendant — a showing of an inadequate remedy at law and of a serious risk of irreparable harm, severely curtail the risk that judges will be harassed and their independence compromised.

*Pulliam,* 104 S.Ct. at 1978. *Adams v. McIlhany,* 593 F. Supp. 1025, 1032 (N.D. Tex. 1984).

The Eighth Amended Complaint made no showing of an inadequate remedy at law or a showing of a serious risk of irreparable harm. Any harm or prejudice in the procedure resulting in the compromise of Calton's appeal is properly directed to the Court of Appeals and the Court of Criminal Appeals, through the appellate process with the Court acting as a body and litigated in accordance with the Texas Rules of Appellate Procedure. The appellate process and procedure in its resolution of an individual case, cannot be challenged by suing individual judicial officers, even when the Court, acting as a body, issues arguably erroneous judicial decisions . Calton's request for equitable relief should was properly dismissed on the basis of judicial immunity and for lack of subject matter jurisdiction.

Instructive in this regard is *Smith v. 241st Dist. Ct. of Smith Cnty.,* No. 03-13-00719-CV, 2015 WL 1611703 *2-3 (Tex. App. - Austin Apr. 9, 2015, no pet.).

10

In that case, Smith sought injunctive and declaratory relief for violations of "due course of law and the constitution of the United States.", declarations that his constitutional rights were violated in the underlying criminal proceedings against him, an injunction requiring the District Courts to order the remand of his criminal case and to set aside the judgment "as being void for state and federal constitutional violations in criminal proceeding" and an injunction requiring the District Court to admit that Smith's constitutional rights were violated in the criminal proceedings.

The Court of Appeals concluded that Smith's claims for injunctive and declaratory relief were based on past actions, and made retrospective claims and therefore not actionable, citing *Smith v. District Attorney Office for Wood Cnty.*, No. 03–13–00220–CV, 2014 WL 5420536, at *2–3 (Tex. App.–Austin Oct. 24, 2014, pet. denied)  (alleged claims for declaratory and injunctive relief based on past acts did not invoke ultra vires claim); *Delk v. Lehmberg,* No. 03–12–00678–CV, 2014 WL 1910314, at *3 (Tex. App.–Austin May 9, 2014, no pet.); *Roy v. Shannon,* No. 02–13–00238–CV, 2014 WL 4105271, at *3 (Tex. App.–Fort Worth August 21, 2014, no pet.) (upholding dismissal of inmate's suit against judge and district attorney and explaining that ultra vires exception to immunity does not permit relief for acts and omissions already committed).

## CONCLUSION

Calton's appellate brief provides no authority supporting the reversal of the District Court's Order dismissing the suit against appellees' Sharon Keller, Presiding Judge of the Court of Criminal Appeals, Terrie Livingston, Chief Justice of the Second Court of Appeals, John Cayce, a former justice on that court, Louis Sturns, Presiding Judge of the 213th District Court and Bob Gill, a former district court judge. Judicial and sovereign immunity and the absence of a justiciable controversy bar a district court suit against judicial officers seeking an injunction requiring them to perform their judicial duties in a manner prescribed by a district court. The district court lacked jurisdiction to order other courts to suspend the Texas Rules of Appellate Procedure, require the Court of Criminal Appeals or the Court of Appeals to waive deadlines and appellate time tables, appoint Calton an appellate lawyer or in any other way direct the performance of individual Judges and Justices' judicial duties. Accordingly, the district court's decision should be affirmed.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

12

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Demetri Anastasiadis*
DEMETRI ANASTASIADIS
Assistant Attorney General
Attorney-In-Charge
Texas State Bar No. 01164480
Demetri.Anastasiadis@texasattorneygeneral.gov

Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 936-2109

**ATTORNEYS FOR DEFENDANTS/APPELLEES
SHARON KELLER , JOHN CAYCE, BOB GILL
AND LOUIS STURNS**

## NOTICE OF ELECTRONIC FILING

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true and correct copy of the above and foregoing in accordance with File & Serve Xpress the E-filing service provider for the Court of Appeals Sixth Judicial District, Texarkana, Texas, on this the 15th day of December 2015.

*/s/ Demetri Anastasiadis*
DEMETRI ANASTASIADIS
Assistant Attorney General

13

**CERTIFICATE OF SERVICE**

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that a copy of the above and foregoing **Brief of Appellees' Sharon Keller, Terry Livingston, John Cayse, Bob Gill and Louis Sturns' Brief** has been served by placing the same in the United States Postal Service, postage prepaid, on this the 15th day of December, 2015, addressed to:

Allen "F" Calton, TDCJ No. 1123880
TDCJ - Stiles Unit
3060 FM 3514
Beaumont, Texas 77705
*Appearing Pro se*

*/s/ Demetri Anastasiadis*
DEMETRI ANASTASIADIS
Assistant Attorney General
